Shaw, C. J.
This was an action on the case for damage done to the plaintiff’s horse while used by another. The damage arose from the attempt of the person having charge of the horse, to drive through a place in the westerly part of the city of Boston, called Spring-street place. This place is a passage lying between Chambers street and Spring street, having houses built and numbered on each side. To prevent its being a thoroughfare for horses or carriages, a break was made in the grade of the passage, to be ascended and descended by foot passengers, by three or four steps, about midway between the two streets, across which was also an iron fence, about three feet high, from side to side; midway of this cross fence, were three or four stone posts, so placed as to admit the passage of foot passengers only. The person driving the plaintiff’s horse, in the dark, passed down this place; on arriving at the fence the horse attempted to leap over it, and there sustained the damage, for which this action was brought. The city denied that this was a public way, for the safety of which they were responsible, and this was the main question. Much evidence was offered upon the question whether this place had been dedicated to the public as a way, prior to St. 1846, c. 203, by use or otherwise; there was no evidence that it had ever been formally laid out or accepted. The defendants contended that it was a private court, originally laid out by the proprietors, and never open to the public, except by sufferance, nor accepted by the city for any purpose.
*196 Without recapitulating the evidence, or considering the various prayers for instructions in detail, we think there was one part of the directions to the jury, not correct in matter of law, under the circumstances, which operated injuriously to the defendants, against whom the jury returned a verdict.
The great struggle in this case was, whether this place had been dedicated to the public as a way, or not. The defendants contended that this place was appropriated or dedicated to the use of the abutters only, who had purchased lots and built houses upon it, and that it was wholly a private way, for which the city were not responsible. But they contended further, that if it had, by appropriation and use, become public at all, it was for a limited and special purpose only, to wit, a foot-way, and if the plaintiff attempted to use it for a horse and carriage way, it was a misuse and abuse of it, that he did so at his own peril, and must stand responsible for the consequences.
In reference to this question, the judge instructed the jury, that if they were satisfied by the evidence, that the person in charge of the horse exercised ordinary care and skill, and that the court was open and dedicated to any public use, as a way, and had been accepted by the defendants, as so dedicated, and if the fence was dangerous, then the plaintiff was entitled to recover; or if the jury were satisfied that the court was opened and dedicated to any public use as a way, but had not been accepted by the defendants, so as to become a public way, yet if the person in charge of the horse exercised ordinary care and skill, and the fence was dangerous, the plaintiff was entitled to recover.
Whether it is competent for any public officer or public body under our statutes newly to lay out a public way for foot passengers only, it is not necessary to determine. Dedication stands upon a different footing. It is the gift of land by the owner, for a way, and an acceptance of the gift by the public, either by some express act of acceptance, or by strong implication arising from obvious convenience, or frequent and long-continued use, repairing, lighting or other significant acts, of persons competent to act for the public in that behalf *197 This is implied in the statute of 1846. It speaks of ways heretofore opened and dedicated to public use, and not already become a public highway. Here the terms “ opened and dedicated ” manifestly import laid out and set apart by the owner, and the statute implies that something further is necessary to make it a highway in fact. Now he who gives his land to the public may prescribe the terms and limitations on which he gives it, and if it be accepted at all, it must be accepted with the limitations, qualifications and restrictions prescribed. Marquis of Stafford v. Coyney, 7 B. & C. 257.
If it be given for a special and limited use and purpose, as for a foot-way, it must be accepted and held for that use only; or it must fail altogether, and then no public right is established by the gift. Talcing these principles to be correct, we think the former part of the direction cited was incorrect in this: That if the person in charge of the horse exercised ordinary care and skill, and if the court was opened and dedicated to any public use as a way, and had been accepted, and if the fence was dangerous, then the plaintiff was entitled to recover. The latter part of the direction, we think was still more exceptionable, to wit, that if the court had been opened and dedicated to any public use, and not accepted, so as to become a public way, yet if the person in charge of the horse exercised ordinary care and skill, and the fence was dangerous, the plaintiff was entitled to recover. We suppose the word “ dangerous ” thus used, construed in reference to the subject-matter, must be understood to mean dangerous for a horse and carriage to attempt to pass, or to approach; because it was not intimated that the whole passage, and the fence, with its upright posts and steps, were not perfectly safe, and convenient for foot passengers, and even well adapted to their use.
Taking this to be the effect of the instruction, it would amount to this, that if land be laid out and appropriated by its owner, as a way to houses or house-lots, which he offers for sale, bounding on such land, and lays it out in such a manner as plainly to indicate to all persons, entering or approaching the place, that it is adapted and intended for foot passengers only, and incapable of being passed by carriages, horses *198 or cattle, whether accepted so as to give the public the right to use it or not, then if a person, using ordinary care, attempts to pass it with a horse and carriage, and sustains damage, the city are liable. We think this view of the law cannot be sustained, in regard to a court, way or avenue originating in dedication. If it was offered, set apart and laid out, by private proprietors, as a court or passage, for foot passengers only, and if by accepting it, expressly or by implication, the public acquired a right to it and in it, as a public easement, it was for a foot-way only; and then if the plaintiff attempted to "use it as a way for other or all purposes, the city was not responsible for damage, occasioned by such unauthorized use. If it had not been accepted so as to become a public way for any purpose, or if it was not competent for the defendants to accept it, for a qualified and limited purpose, as for a foot-way, then it remained private property, and the public are not responsible for the accident. It would be the ordinary case of a traveller who should accidentally stray from the highway in the dark, and meet with damage; it is damage for which the town is not responsible, unless it was caused by some neglect, by which the highway strayed from was dangerous, and caused the damage.
The plaintiff contends that if the way in question, that is, Spring-street court, across which was the fence complained of, had then, at the time of the accident, been dedicated and accepted, it is to be deemed a highway, and as such highway was to be taken care of, under the general statute.
If by this proposition, the counsel for the plaintiff is to be understood to insist, that it was to be taken care of and kept safe and convenient for all kinds of travel, as in the statute respecting highways, so as to include a horse and carriage, the proposition is wholly untenable, for the reasons already stated. K it intends nothing more than that it must be kept safe and convenient for foot passengers, it has no bearing on the present case. Verdict set aside, and new trial ordered.