Hon. HOYT H. WHEELER,
Hon. TIMOTHY P. REDFIELD, } Assistant Judges.
Hon. JONATHAN ROSS,

---

Town of Fairfield *v.* William H. Morey.

*Certiorari. Highway. Dedication. Land Damages.*

In March, 1864, M. applied to the selectmen of Fairfield, to vary the location of a high-
way across his farm, and, as an inducement, offered to give the land for the new location,
in exchange for the other. The town of Fairfield accepted the offer, and proceeded
immediately to build a bridge across the creek, in the new and substituted location,
and allowed the former road to be closed up, and the public travel diverted into the
substituted way. M. and his grantees occupied and used the old road thus exchanged
for the new, for six years, before any questions arose in the premises. *Held*, that
these facts constituted a dedication of the land by the owner of the fee, and an ac-
ceptance by the town.

Where, as in this case, the report of the commissioners shows that the dedication was express, and not a matter of inference, and the acceptance unequivocal, there is no necessity that the report be recommitted.

The county court having decided that there was no dedication, and having allowed the land owner damages, it was held error, and that a writ of *certiorari* must issue in favor of the town.

PETITION FOR CERTIORARI, addressed to the supreme court for the county of Franklin, January term, 1872. The facts alleged in the petition were in substance as follows, viz. : That the selectmen of the town of Fairfield, on the 5th day of May, 1870, upon due application, laid out a pent road from Edward Burke's to Jerry Fitzgerald's, in said Fairfield. That the petitionee, William H. Morey, was the owner of the land through which said road was laid, and preferred his petition to the then next term of the county court, alleging that he was dissatisfied with the laying of said road, and desired to have a road laid between the same points on another route described, and stating that he had had no notice of a time and place for hearing his claim for land damages, and that the selectmen did not award him any sum for land damages, and praying for commissioners to be appointed to inquire into the convenience and necessity for said road, and the manner of laying the same, as well as for his damages. That commissioners were duly appointed, and heard the matters prayed for, and reported to the court as follows :

Your commissioners find the following facts from the testimony of Merritt Mitchell and the selectmen of 1864, — that in March, 1864, there was an open highway leading from Fitzgerald's land, westerly, to the main highway leading from Fairfield Center to Bakersfield, which said highway was where the said Morey, by his petition, asked to have a new highway laid out. That, at that time, one Merritt Mitchell owned the land now owned by said Morey, and the land where said open road then ran, and then applied to the selectmen of Fairfield to throw up said open road ; and to induce them to do so, he would give them a pent road further south on his land, leading from Fitzgerald's to said main road from Fairfield to Bakersfield. That the said Mitchell pointed out the location of said pent road to the selectmen. A fence has since then been built over the land occupied by the old road, and constitutes the boundary fence between lands now owned by Jay Foster and Morey, and that about March 1st, 1864, and while

Mitchell owned the land, gates were erected upon the line pointed out by Mitchell for a pent road, but it did not appear before us by whom, and the town also constructed a bridge over the creek on that line, and the public have passed over the same at pleasure since that time.

To the introduction of this evidence the petitioner seasonably objected.

But there was never any record made either of the discontinuance of the old road or of the establishing of the pent road until that in the spring of 1870, from which the petitioner Morey has by said petition appealed. Subsequently to March, 1864, and before the year 1870, in November, 1864, Mitchell conveyed the land over which said pent road runs to Farrand, and Farrand to the petitioner Morey, in 1866, and no reservation or exception of right of way is made in either of said deeds.

In the summer of 1869, Morey was drawing hay over said bridge and the end broke down, and he fixed it to complete drawing his hay. In the spring of 1870 a petition was presented to the selectmen of said town, asking for the laying out of a road from Fitzgerald's to the main road, and the selectmen examined the premises and finally laid out and established a pent road at the place pointed out before that time by Mitchell, as aforesaid, but in so doing intended that their proceedings were under the provisions of sec. 17 of ch. 24 of the General Statutes, where records of existing highways are not to be found; which fact we find solely upon the testimony of the selectmen themselves, and which testimony was objected to by petitioner's counsel. The proceedings and records of their doings being in the ordinary form of laying out highways, and upon these facts, the town claimed that said pent road had been dedicated to the public and accepted by the town, and that the petitioner, Morey, was not entitled to notice nor land damages for the proceedings of the selectmen in the spring of 1870 in laying out said pent road. Your commissioners further find that the public good and convenience and necessity of individuals require the laying out and establishing of a pent road in the place and manner as by said selectmen laid out and established by said selectmen of Fairfield, in the spring of 1870, and therefore recommend no change in that respect; but they further find that the said Wm. H. Morey has sustained land damages by reason of such establishing of said pent road, to the amount of one hundred dollars, which your commissioners decide should be allowed him, unless the court from the foregoing facts find a dedication of the road to the public.

It was further alleged that at the April term, 1871, of said

31

county court, said court accepted the report of said commissioners establishing said pent road or highway, agreeably to the report of said commissioners, and rendered judgment in favor of said Morey, that he recover of said town of Fairfield for his damages one hundred dollars and his cost.

That the said county court in rendering the aforesaid judgment, was manifest error ; that, from the facts reported by the commissioners, said road had been previously dedicated to the public by Morey's grantors and confirmed by Morey, and that Morey was not entitled to recover land damages.

Prayer that the court make an order directing the clerk of Franklin county court to send up to this court for their inspection and for correction of said errors, true and attested copies of the petition, proceedings, records, report of the commissioners and judgment rendered therein, and that execution be staid upon said judgment until after the hearing of this petition. An order was made by Judge Royce in pursuance of the prayer of the petition, and said Morey notified to appear at the January term of the supreme court of Franklin county, 1872.

*Edson & Rand*, for the town of Fairfield.

The commissioners made and returned to the court below an alternative report, and we insist that the judgment of that court should have been in favor of the town. *State* v. *Wilkins*, 2 Vt., 480 ; *Fulsom* v. *Underhill*, 36 Vt., 580 ; *Clossen* v. *Hamlet*, 27 Vt., 728 ; *Whitney* v. *Essex*, 42 Vt., 525 ; *Noyes* v. *Ward*, 19 Conn., 250 ; Angel on Highways, pages 112, 134, 140 ; Gen. Stats., ch. 24, § 14 ; 14 Vt., 294 ; *Hobbs* v. *Lowell*, 19 Pick., 405.

The selectmen had the power to abandon the easement of the old road and accept the dedication of the new. *Hopkins et al.* v. *Crombie*, 4 N. H., 520.

*W. D. Wilson*, for the petitionee.

Whether or not the road in question had been dedicated to the use of the public so as to preclude defendant from recovering land damages of said town is a question of fact, and the finding of the commissioners and the county court cannot be revised by this

court.    Angel on Highways, pages 146, 147, 150, 151, 165, 166, 168 ; *Payne* v. *Leicester*, 22 Vt., 44 ; *State* v. *Trask*, 6 Vt., 355 ; *West River Bridge Co.* v. *Dix et al.*, 16 Vt., 446 ; *Woodstock* v. *Gallup*, 28 Vt., 587 ; *Folsom* v. *Underhill*, 36 Vt., 580 ; *Dodge* v. *Stacy & Appleton*, 39 Vt., 558 ; 11 Pickering, 168 ; 7 Carr. & Payne, 570 ; *Hyde* v. *Jamaica*, 27 Vt., 454.

The town cannot claim any benefit from the arrangement claimed to have been made between Mitchell and their selectmen in 1864 which was predicated upon the agreement of selectmen to throw up the old road ; inasmuch as it appears that the old road was not discontinued until after Morey became the owner of the premises. *Battles* v. *Braintree*, 14 Vt., 348.

The opinion of the court was delivered by    .

REDFIELD, J.   This is a petition for *certiorari*, claiming error in the county court in awarding damages to the petitionee in a proceeding to establish a pent road through his premises in the town of Fairfield.   The petitioner claims that said Morey is not entitled to damages, for the reason that the land taken for said highway had been *dedicated* by his grantor, and accepted by the public, and occupied publicly, as a highway, since March, 1864.

On inspection of the record, which has been certified into this court, the fact distinctly appears by the commissioners' report, that in March, 1864, one Merritt Mitchell, then owner of the premises, and under whom Morey claims title, applied to the selectmen of Fairfield to discontinue a then " open highway, leading from Fitzgerald's line westerly to the main highway leading from Fairfield Center to Bakersfield."   That said open highway passed over these premises.   " And to induce the selectmen to do so, he promised to give them a pent road further south, between the same points, and on the same premises, which said Mitchell then pointed out to the selectmen."

This is an unequivocal dedication so far as the owner of the land is concerned, if accepted and used by the public.   " The vital principle of dedication is the *intention* to dedicate — the *animus dedicandi ;* and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has

been made. And if accepted and used by the public in the manner intended, the dedication is complete, precluding the owner, and *all claiming in his right*, from asserting any ownership inconsistent with such use." Ang. on High., 113.

The same doctrine was very distinctly stated by KELLOGG, J., in *Fulsom* v. *Underhill*, 36 Vt., 580. The record further shows that "about March 1st, 1864, and while said Mitchell owned the land, gates were erected on the line pointed out by said Mitchell for a pent road, but it did not appear by whom, and the town *also* constructed a bridge over the creek on that line, and the public have passed over the same at pleasure since that time."

It further appears that the former open road has been fenced up, and included within the Mitchell farm, now owned by said Morey. The facts that appear by the record, stated consecutively, would seem to be that, in March, 1864, Morey's grantor applied to the selectmen of Fairfield to vary the location of a highway across his farm; and, as an inducement, offered to give the land for the new location in exchange for the other. That the town of Fairfield *accepted that offer*, and proceeded immediately to *build a bridge* across the creek in the new and substituted location, allowed the former road to be closed up, and the public travel diverted into the substituted way. That Mitchell and his grantees occupied and used the old road thus exchanged for the new, for six years or more before any questions arose in the premises.

These facts constituted, beyond question, a dedication of the land by the owner of the fee, and an acceptance by the town of Fairfield. The fact that the town allowed the old road to be shut up, and provided the new road, building the bridge across the creek, and making it a necessary substitute and the only avenue for public travel, is an express assent to its dedication.

In *Hobbs* v. *Lowell*, 19 Pick., 405, it was held that by the forbearance of the town to prosecute persons who had shut up an old road, and substituted a new one, and, by setting up a guide-post on the new road, the town had expressed *assent* to its dedication.

And in *Crocket* v. *Boston*, 5 Cush., 182, it was held that when a party offers land for a street free of charge, the offer of dedica-

tion will be presumed not to have been withdrawn until the town has had reasonable time to elect whether it shall be accepted ; and if the street was built within a reasonable time, the party proffering the land would be estopped from claiming damages. Ang. on High., 140–1.

II. It is claimed that the county court, by accepting the report and allowing damages, have found the fact that there was not a dedication of the land for the new road.

The county court have adjudged that the *facts found by the commissioners* do not constitute a dedication and acceptance. And in that we think there was error. The commissioners have detailed the specific facts, and submitted to the court whether they constitute a dedication. If the dedication was a matter of inference from lapse of time, acquiescence, or other circumstances, and the commissioners should refer the matter to the court to make *inferences*, it might be necessary to recommit the report for more specific finding.

But when, as in this case, the dedication was express, and the acceptance unequivocal, there would seem no need that the report be recommitted.

We think it was error in the county court to allow land damages to the said Morey, and that the writ must issue.

The record having been certified up, the judgment of the county court that the said William H. Morey recover one hundred dollars as land damages, and his cost, of the town of Fairfield, is vacated and set aside ; and the order establishing the road is to stand ; and the town of Fairfield is to recover its costs of the said William H. Morey.