## UNION COMPANY *vs.* CHARLES H. PECKHAM *et al.*

To make a highway by dedication, the owner's intention to dedicate must appear, and the acceptance of such dedication by use on the part of the public must also appear. With the concurrence of these two things the dedication is complete.

Dedication once complete cannot be revoked so long as the public use continues, and public or private rights might be affected by an interruption of the use.

*Hughes* v. *Providence & Worcester R. R. Co.* 2 R. I. 493, approved.

When the opening and dedication of a highway was made by one who was at once an officer and large stockholder of a corporation the owner of the land:

*Held,* that the assent and approval of the corporation would be inferred from its acquiescence.

Statement of facts which were held sufficient to show a dedication and acceptance.

TRESPASS QUARE CLAUSUM. Heard by the court, jury trial being waived.

*January* 7, 1888. STINESS, J. Two questions are raised in this case. First, whether the strip of land called Narragansett Avenue is a public way by dedication; and, second, whether, otherwise, the plaintiff is estopped, by reason of the deed of a common grantor prior in date to the plaintiff's deed, from interfering with its use as a way by the Rhode Island Society for the Encouragement of Domestic Industry, under whose authority the

defendants justify the alleged trespass. The rule in regard to highways by dedication is thus stated by Greene, C. J., in *Hughes* v. *Providence & Worcester R. R. Co.* 2 R. I. 493, 499: "To make a highway by dedication, there must be the assent of the owners of the land to its appropriation for a public highway, and its use by the public for such purpose and for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment." The owner's intention to dedicate must appear, and the acceptance of such dedication by using it on the part of the public must also appear. When these two facts concur the dedication is complete. *Fairfield* v. *Morey*, 44 Vt. 239, 243. "Time, therefore, though often a material ingredient in the evidence, is not an indispensable ingredient in the act of dedication. If the act of dedication be unequivocal, it may take place immediately." *Ogle* v. *Philadelphia, Wilmington & Baltimore R. R. Co.* 3 Houst. Del. 267, 273; Angell on Highways, 3d ed. § 142.

The question then is, whether the facts show a dedication within these rules. In 1865 the A. & W. Sprague Manufacturing Co. owned the strip of land in dispute, and a considerable tract on each side of it. On the east side of the strip the company built a trotting park, with entrances opening on the strip, along which the park extended upwards of one thousand feet. Through Amasa Sprague, an officer of the corporation, a survey and plat of the land was made, on which the strip was laid out as Narragansett Avenue. This plat was not recorded, however, nor was it referred to in the deeds of the land subsequently given. The avenue was opened and worked to a grade; a substantial bridge was built over a railroad across which the avenue ran; the fence and entrance to the park were built along its line; tracks for horse-cars running from the city of Providence were laid upon it; and the way thus laid out and built extended from the railroad between Providence and Cranston Print Works at one end, and to the road to Knightsville at the other. Between these highways there was no other connection except by a long detour. The layout of a way which is a thoroughfare, and not a mere court or way terminating on private property, has always been regarded as significant in respect to dedication. There was considerable ques-

tion in England, whether a street of the latter kind could be deemed a public highway, until the case of *Bateman* v. *Bluck*, 18 Q. B. 870; 14 Eng. L. & Eq. 69, which seems to have settled the question by deciding that it can be. While upon this point there has been a diversity of decision in this country, yet the cases generally turn upon the inference to be drawn upon such a layout and situation. In some of the cases it seems to be assumed that an intention to dedicate may be implied from the opening of a thoroughfare between public roads or public places where nothing appears to the contrary. Thus Brayton, J., in *Simmons* v. *Mumford*, 2 R. I. 172, 183, says, referring to the claim of dedication : " To this point the counsel for the plaintiff replies that the land claimed to be dedicated as a public highway terminates at private land, and if laid open would not constitute a thoroughfare. . . . The way claimed to be dedicated, though it opened northerly into South Street, extended to no other way on the south, and extended neither to mill nor to market, nor to any public place. Had it been opened it would constitute a mere court in which the public could have no necessity to travel, and to whom it would be of no use whatever." So Best, C. J., in *Jarvis* v. *Dean*, 3 Bing. 447, 448, says : " In *Wood* v. *Veal* the road was only used by the tenants of particular houses. There was no thoroughfare, and there were circumstances to show that the owners of the soil never had assented to the way being used as a public road. There were no such facts in the present case ; on the contrary, it was beneficial to their property that there should be a public approach to this street from the public roads at both ends of it. As it had been used for four or five years as a public road, the jury were warranted in presuming that it was used with the full assent of the owners of the soil."

In the present case Mr. Sprague testified that Narragansett Avenue was intended to be a public highway, and to extend to Greenwich Street further on, but this part of it was never opened. He also testified that since its opening it has been used by the public as a highway, and was repaired at the expense of the town when he was surveyor of highways. Others testified that they have used it, chiefly, however, in going to the park. While the extent to which the public have used it is not very clearly shown,

his testimony is uncontradicted. The advantage to the public is apparent from the connection opened between the two roads, and the town would not be likely to repair it unless it was used by the public.

We think the evidence is sufficient to show both the intention to dedicate and acceptance ; and thus it covers both the essential elements of a complete dedication. The only evidence offered by the plaintiff to rebut the inference of dedication is that in 1869, three or four years after the avenue had been opened, this notice was posted : " This road is private property." If such a notice had been put up when the road was opened, it would have tended to rebut the inference of dedication, and to indicate simply a permissive use by the public. But dedication once complete cannot be revoked so long as public use is maintained and public accommodation and private rights might be affected by an interruption of the enjoyment. *Hughes* v. *Providence & Worcester R. R. Co.* 2 R. I. 493, 499 ; Angell on Highways, 3d ed. § 167, and cases cited. Upon the undisputed testimony in this case Narragansett Avenue had already become a public highway, and the posting of such a notice afterward could not change its character. The notice probably meant no more than a warning that the road had not been declared a public highway by the town so as to make the town liable for its repair under the statute. See Rev. Stat. R. I. cap. 43, § 25.

The plaintiff further urges that no authority has been shown from the corporation owning the land to Amasa Sprague to open and dedicate the road. He was an officer of the company and one of its principal stockholders, acting for the company in the improvement made at that time. The assent of the owner may be inferred from silence and acquiescence in the public use. *Hughes* v. *Providence & Worcester R. R. Co., supra.*

It follows that the act of the defendants, the servants of the society owning the land on one side of the avenue in question, in removing an obstruction to a public way, was not a trespass, and that judgment must be given in their favor. It is unnecessary, in this view of the case, to consider the question of estoppel.

*Judgment for defendants.*

*Rathbone Gardner & C. F. Parkhurst,* for plaintiff.
*Charles Bradley & Walter F. Angell,* for defendants.