[No. 11695. In Bank. — December 2, 1889.]

## THE CITY OF EUREKA, RESPONDENT, v. B. CROGHAN, APPELLANT.

DEDICATION OF STREET — EVIDENCE OF INTENTION — REVOCATION OF OFFER BEFORE PUBLIC ACCEPTANCE OR USER. — To constitute a valid dedication of a street, the *animus dedicandi* must be clearly indicated by unequivocal acts, and there must be an acceptance by the public before revocation of the offer of dedication, which may be revoked at any time prior to a public user. The subsequent conveyance of the land claimed as a street to another, after a first deed describing it as a street, operates as a revocation of the offer of dedication contained in the first deed, and also affords evidence of the non-existence of the intention to dedicate.

ID. — CASUAL USER BY PUBLIC — ACCEPTANCE OF DEDICATION. — A casual user by the public in crossing uninclosed land by temporary license of the owner, which user is the same after as before an alleged dedication of a portion of the land as a street, will not constitute an acceptance of such dedication. In the absence of a formal acceptance of the street by the city, and the working or improvement of the same by the city authorities, it should appear that the user by the public was under a claim of right, and not by a temporary license of the owner.

ID. — EVIDENCE — TOWN MAP. — A map of a town made by one who does not own the land represented thereon, and who is not shown to have made it with the consent or by the authority of the owners of such land, and which is not referred to or recognized in a conveyance of the land by an owner thereof, can have no effect as evidence on the question of the dedication of a street by such owner.

ID. — INSUFFICIENCY OF EVIDENCE OF DEDICATION. — The evidence in this case held insufficient to justify the finding of the court below that the land in controversy was dedicated to public use as a street. (THORNTON, J., dissenting.)

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace L. Smith, E. W. Wilson,* and *E. W. McKinstry,* for Appellant.

*S. M. Buck,* for Respondent.

PATERSON, J. — The only question to be determined in this case is, whether the land in controversy was dedicated by Cushing to public use as a street.

On April 7, 1870, Cushing, who was then the owner of the land in controversy, together with other lands, executed to one Leary a deed of land, which was described therein as follows: "Commencing at a point distant in a southerly direction six hundred feet from the northwest corner of block 108, as laid down on the official map of the town of Eureka, made by J. S. Murray, and filed in the office of the county recorder of said county July 28, 1859, said point of commencement being the northwest corner of a block of land bounded on the north and west by Tenth and F streets, if said streets were projected; thence running south along the east line of F Street, if said street were extended southerly, 120 feet; thence easterly at right angles with said F Street; thence northerly and parallel with F Street 120 feet; thence westerly along the south side of Tenth Street 120 feet, to the place of beginning, being the northwest quarter of the block," etc.

On August 8, 1870, Cushing sold to the appellant another portion of land, including the premises in controversy. At the time appellant purchased, no part of the tract was inclosed. From the date of his purchase he has always paid taxes on the land, and in 1876 he built a house upon the west half of the land in controversy, and constructed fences across the same. In 1884 he fenced in the eastern half of the land. Between April 7, 1870, and the time in 1876 when appellant built a house upon the western half of the premises, the public passed over the lands in controversy, but the city authorities never worked or improved the same, nor was any ordinance or order passed accepting them for public use.

We think that the evidence is insufficient to support the finding of the court below that the land in controversy was dedicated to the public for use as a street. The only evidence of dedication is found in the description of the land in the deed made by Cushing to Leary. To constitute a valid dedication, the *animus dedicandi*

must be shown to exist; it must be shown clearly, indicated by unequivocal acts, and there must be an acceptance by the public. Until such acceptance the declaration or act of the owner is a mere offer, and cannot be made effectual as an irrevocable dedication. (*Hayward* v. *Manzer*, 70 Cal. 476.) We think that the subsequent conveyance of the land in controversy was a complete revocation by Cushing of the offer, there having been no acceptance by the public or by the city authorities at the time he conveyed to appellant. The act of Cushing in conveying to Leary by the description given above is qualified by his subsequent conveyance of the land in controversy to Croghan. If the conveyance to Leary be taken as an offer by Cushing to dedicate the land in controversy to public use, the subsequent deed to Croghan operated as a revocation of that offer. In determining whether there was a present intention on the part of Cushing to dedicate the land to public use at the time he conveyed to Leary,—and the intention is the soul of every act of dedication,—the conveyance to appellant about four months thereafter of the land in controversy is an important matter to be considered. It is certainly as strong an indication of the non-existence of the *animus dedicandi* as the first deed was of an intention to dedicate to public use.

It is true, no formal acceptance on the part of the respondent was necessary, but in the absence of such formal act the owner had the right at any time prior to a public use to revoke his offer, and resume possession and control of the property. (*People* v. *Reed, ante,* p. 70.)

The cases relied upon by the court below in support of its judgment we think are not applicable. (*People* v. *Blake*, 60 Cal. 499; *Breed* v. *Cunningham*, 2 Cal. 369.) In those cases the parties who dedicated the land to public use had platted the same into lots, blocks, streets, and alleys, and had sold the lots and blocks with reference to the streets laid out and adopted by them. In

this case Cushing did not survey his land into lots, blocks, and streets, nor did he plat the same.

We do not think that any effect can be given to the Ryan map on the question of dedication. Ryan did not own the land represented upon the map made by him, nor is it shown that it was made with the consent or by the authority of the persons owning the land represented thereon. The appellant did not refer in his deed to Leary to the Ryan map for a description of the premises conveyed by him, and therefore it cannot be said that he in any way adopted or recognized it.

It is claimed by respondent that the evidence does show an acceptance by the public before the conveyance to the appellant, but a fair construction of the sixth finding of the court and of the evidence shows simply a casual use by the public of the land, which *was open and uninclosed*. This use was the same after as before the alleged dedication. People traveled over the land in controversy as a matter of convenience, but the use was merely a permissive one apparently, which the owner had a right to end at any time. The city was not bound to accept the offer to dedicate, if such offer was made; and in the absence of a formal acceptance, it should appear that the use by the public was under a claim of right, and not by a temporary license of the owner.

Judgment and order reversed, and cause remanded for a new trial.

FOX, J., WORKS, J., MCFARLAND, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.

THORNTON, J., dissented.