HARRY RICHARDSON, by his Next Friend, Appellant, v. RINALDO GRAYS, *et al.*, Appellees.

85  149
87   77
85  149
92  153
85  149
100  480
85  149
d111 209
85  149
124 728

1. **Practice :** EQUITY CAUSE: DOCUMENTARY EVIDENCE: RECORD. Where documentary evidence, introduced upon the trial of an equity cause, is sufficiently identified by dates and otherwise in the reporter's shorthand notes, it need not be otherwise presented in the reporter's transcript of the evidence; and the certificate of the trial judge to said shorthand notes, and copied by the reporter into his transcript, is sufficient to make said evidence a part of the record.

2. **Conveyances :** DELIVERY OF DEED: EVIDENCE. Where one R., a resident of Pennsylvania, executed a deed to lands in this state to his grandson, aged one year, residing in the state of Michigan, and delivered the same to a justice of the peace in Pennsylvania in trust for said grandson, but neither said grantee nor his parents were ever

informed of said conveyance, and the taxes were not paid, and afterwards said deed was given back into the possession of R., who in response to an inquiry concerning the land, offered to cancel said deed and entertain propositions that might be made for the purchase of the land; *held,* in an action brought on behalf of said grantee, by his next friend, to quiet the title to said land in the grantee, and to redeem from a tax sale thereof, that nothwithstanding the production of said deed in evidence on behalf of the plaintiff, the evidence was insufficient to show a delivery of the deed.

*Appeal from Calhoun District Court.*—Hon. J. H. MACOMBER, Judge.

## MONDAY, MAY 16, 1892.

Action in equity to quiet title to certain land, and to be permitted to redeem the same from tax sale. The cause was submitted to the court, and decree entered dismissing the plaintiff's petition on the merits, from which the plaintiff appeals.—*Affirmed.*

*E. C. Stevenson* and *O. J. Jolley,* for appellant.

*M. R. McCrary,* for appellees.

GIVEN, J.—I. The appellees moved to strike the evidence from the abstract and affirm the judgment or dismiss the appeal, for two reasons, namely: That all the evidence was not extended into longhand by the official reporter, and filed and certified within the time prescribed; and that there is no certificate of the trial judge to the extended shorthand notes, nor any of the documentary evidence identified by him.

The correctness of the abstracts being questioned, a transcript has been filed, from which it appears that all the oral evidence was taken in short-
1. PRACTICE: equity cause: documentary evidence: record. hand, and the notes properly certified by the judge, filed on the day the decree was entered, to-wit: May 2, 1890, and that a transcript thereof was filed May 24th

following.    The documentary evidence is sufficiently
identified by dates and otherwise in the shorthand
notes and transcripts thereof, and is attached in the
original form to the transcript of the record and evi-
dence certified by the clerk.    The ground of this first
complaint seems to be that the reporter did not copy
the documentary evidence into the transcript of the
shorthand notes.  This is not required.    All such evi-
dence must be certified, "not by transcript, but in the
original form" in equity causes.    Code, section 3184.

The judge's certificate in due form is attached to
the shorthand notes, wherein the documentary evidence
filed with and certified by the clerk, is sufficiently iden-
tified, and the transcript of the shorthand notes, duly
certified by the reporter and filed within the time
required, sets forth a copy of the judge's certificate
attached to the shorthand notes.    The certification is
the same as in *Ross v. Loomis*, 64 Iowa, 433, which was
held to be sufficient.    See also *Merrell v. Rowe*, 69
Iowa, 654.    The motion to strike is overruled.

II. The following facts appear without question:
On September 1, 1860, a patent issued from the United
States to Ebenezer Richardson, Jr., for the

**2. CONVEYANCES: delivery of deed: evidence.**

lands in question, and under date of
March 5, 1873, he executed and acknowl-
edged a warranty deed, in due form, written upon the
back of the patent, conveying the land to his grandson
Harry Richardson, the plaintiff herein, then about one
year old, and residing in the state of Michigan, in
consideration of love and affection and the sum of one
dollar.    This deed was acknowledged before Robert
B. Arnold, a justice of the peace of Wayne county,
Pennsylvania, and witnessed by said Arnold and one
Martin Reafler.    At the tax sale held in October,
1874, said land was sold to the appellee Rinaldo Grays,
for the taxes of 1872 and 1873, and thereafter, on
April 12, 1878, notice to redeem having been given as

required, the treasurer of Calhoun county executed and delivered to said Gray a tax deed for said lands, which was filed for record on the thirteenth day of April, 1878, and duly recorded. Soon thereafter Gray went into possession of the land, improved the same, and has ever since remained in possession.

The controlling question, and the first one discussed, is whether there was such a delivery of the warranty deed from Ebenezer Richardson to the plaintiff as to vest title in the plaintiff thereunder at the time of the tax sale, in October, 1874. The testimony upon that subject is as follows: Mr. Richardson, being asked, "How did you deliver said so-called deed to Harry Richardson?" answered, "I delivered the deed of assignment, as written on the back of the patent, to Robert B. Arnold, a justice of the peace for said county of Wayne, in the name and for the sole benefit in trust for my grandson, on the fifth day of March, 1873." He was further asked: "State all you know concerning the return of assignment and patent deed; state fully;" to which he answered, "I know that I have been the principal custodian of the deed of assignment since the delivery of it by Justice Arnold to me for my said grandson. My grandson was living in Michigan at the time. Arnold and myself were living in Hawley, Pennsylvania." Mr. Offenback testified to having a letter introduced in evidence from Ebenezer Richardson, in reply to inquiries made of him concerning the land, in which he said he was owner of the land, and paid taxes to February, 1872. That "soon after that time I assigned the patent to my grandson, then an infant, whose parents lived in Michigan, and the taxes were neglected from that time. Probably about three years ago the patent and assignment were returned to me from Michigan. The assignment is on the back of the patent, but never recorded, and can readily be canceled, as the matter stands. I can enter

into negotiations for conferring title to purchaser, but am not in need; consequently am perfectly easy until owner becomes of age. I understand the land has become valuable. However, if the person in possession will make a reasonable proposition, it will be considered. A legal gentleman in your vicinity has some time since offered to prosecute for one half the proceeds. May yet send to him for prosecution. It is urged by the child's father." The plaintiff produced and introduced in evidence on the trial the patent, with the warranty deed written on the back thereof, neither of which was ever filed for record or recorded. The defendant, Lizzie Nowlin, holds a mortgage from the defendant Gray, and, as her rights depend upon his title, they need not be further noticed.

It is the law that, where a deed is in the custody of the grantee, it will be presumed, in the absence of proof to the contrary, to have been delivered to and accepted by him. *Wolverton v. Collins*, 34 Iowa, 239; *Blair v. Howell*, 68 Iowa, 622. In cases like this, the question of delivery depends upon the intention of the grantor. The courts will presume acceptance by the minor if the grant is for his benefit. *Tallman v. Cooke*, 39 Iowa, 402. The presumption that arises from the production of the deed at the trial by the next friend or the attorney of this minor, the plaintiff, is not as strong as if produced by the grantee in person. It is not shown that the appellant (though seventeen years of age at the time of the trial) or his parents, with whom he lived, ever saw or knew of the deed. It was left with Mr. Arnold upon its execution, who, so far as appears, was a stranger to the plaintiff, and who continued to hold it until returned to the grantor, who says that he has been the principal custodian of it since Arnold returned it to him. True, he says in the letter in evidence that it was returned to him from Michigan, but either that or his statement in his testimony is not

true; and as the statement is sworn to, and there being no evidence that the deed was ever seen or known by the grantee or his parents, we accept his testimony as correct. These facts overcome any presumption that might arise from the production of the deed on behalf of the plaintiff at the trial. The real inquiry is as to the intention of Ebenezer Richardson, and our conclusion is that he never intended to vest the title to the land in the plaintiff by this deed. We reach this conclusion from the fact of the tender age of the plaintiff; that the land was left uncared for by payment of taxes or otherwise; that neither the plaintiff nor his parents were informed of the conveyance; that the conveyance was left with a stranger to the plaintiff, and possession thereof resumed by the grantor; and the readiness of the grantor to cancel the deed, and to enter into negotiations for conferring title upon a purchaser, as expressed in the letter to Mr. Offenback. It follows from these conclusions that the plaintiff is not entitled to redeem from the tax sale and deed under which the appellee Gray holds the land, and that his petition was properly dismissed. As this conclusion fully disposes of the case, other questions discussed need not be noticed. AFFIRMED.