Baker v. Squire.

BAKER et al., *Appellants*, v. SQUIRE et al.

Division One, February 23, 1898.

1. **County Court:** STATUTORY DEDICATION OF LAND TO PUBLIC USE. The fact that the county court left bare four feet in the front of a lot belonging to the county when it erected a building for county purposes, does not amount to a dedication to public use of said four feet, nor indicate any intention to renounce future ownership or control thereover. To effect a statutory·dedication the county court must pursue the course prescribed by statute.

2. **Dedication of Land to Public Use:** AT COMMON LAW. A common law dedication of land can only be made out by convincing proof of the intention of the donor to give the land for public use, and by proof of the acceptance of the property by the public. In this case it is held that there was no such proof.

3. **Appellate Jurisdiction:** APPEALS : TITLE TO LAND : EASEMENT. The Supreme Court is the proper appellate court, within the meaning of the constitutional provision giving it appellate jurisdiction in causes involving title to land, where the only issue is a claim of a permanent easement in lands of which the defendants are owners.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, JUDGE.

AFFIRMED.

*James Baker* for appellants.

(1)   The structure in question, being situated on grounds dedicated to public use, is a common nuisance. Herman on Nuisances, secs. 248, 250, and 260; *Rutherford v. Taylor*, 38 Mo. 315.   The right of the public to use the commons must rest on the same principles as the right to use the streets. *Cincinnati v. White*, 6 Pet. 431; *Cummings v. St. Louis*, 90 Mo. 259. The erection of a dwelling on a public square is a public nuisance. *Com. v. Ruch*, 14 Penn. 186.   (2) The county may dedicate by acts *in pais*. *Ketcham v. Indianapolis*, 12 Ind. 620; 2 Herman on Estop., secs. 1143–1145; *Rutherford v. Taylor*, 38 Mo. 315; Elliott on Roads and Streets, 101-107; 15 Cal. 630; 17 Iowa, 176; 25 Ill. 209.   (3) The appropriation of the lot in question as a site for a courthouse and jail, and the erection of permanent buildings thereon for such purposes were a dedication of the same to public use, and the erection of the office building, known as the courthouse annex, was a new dedication of the same to such use. The appropriation of the four feet in front of the annex was a dedicaton of it to the public use as a highway. R. S. 1889, secs. 3121, 3108, 3136–3139, 3140–3143; *Hanna v. Commissioners*, 29 Ind. 173; *Hughes v. Phila.*, 48 Pa. 527; *Brunner v. Boston*, 102 Mass. 19. (4) There is no particular form or ceremony necessary to the dedication of land to public use.   All that is required is the assent of the owner and use by the public for the purpose intended by the appropriation. *Cincinnati v. White*, 6 Pet. 431; *Morgan v. Railroad*, 96 U. S. 716;

*Com. v. Rush,* 14 Pa. 186; *Rutherford v. Taylor,* 38 Mo. 315; *Sargent v. Bush,* 4 McLain, 339; *Cook v. Harris,* 61 N. Y. 448; 5 Am. and Eng. Ency. of Law, 400; *Morgan v. Railroad,* 96 U. S. 716; *Rector v. Hartt,* 8 Mo. 448; *Price v. Thompson,* 48 Mo. 365. (5) When a dedication is accepted and used by the public in the manner intended, it works an estoppel *in pais,* precluding the donor and all claiming in his right from asserting any ownership inconsistent with this use. *Price v. Thompson,* 48 Mo. 365; 15 Am. and Eng. Ency. of Law, 1064, 1065. (6) The owner of lots adjoining grounds dedicated to public use has an easement in the grounds of which he can not be deprived without his consent. 120 Mo. 154; 31 Mo.180. Owner has an easement in the street. 94 Mo. 574. (7) Courthouses and other public buildings are public uses. *New Orleans v. U. S.,* 10 Pet. 713. (8) The plaintiff's injury is sufficient to sustain this suit and is special to them. *Cummings v. St. Louis,* 90 Mo. 259; *Price v. Thompson,* 48 Mo. 361; *Brown v. Manning,* 6 Ohio, 298.

*Harrington & Pepperdine* and *Goode & Cravens* for respondents.

(1) The county court could not make a valid agreement with James Baker concerning the ground in controversy in the manner testified to by him. Such contracts, even when not *ultra vires,* must be in writing. R. S. 1889, sec 3157; *Maupin v. Franklin Co.,* 67 Mo. 327; *Woolfolk v. Randolph Co.,* 83 Mo. 501. (2) Without this statute prescribing the mode for making contracts, any agreement of the county court with respect to the ground could only be proven by its records. *Maupin v. Franklin Co.,* 67 Mo. 327; *Riley v. Pettis Co.,* 96 Mo. 318; *Heidelburg v. St. Francois Co.,* 100 Mo. 69. (3) There was no statutory dedication, which can

only be made by following exactly the mode prescribed by the statutes. In this State filing a plat duly acknowledged, showing alleys and streets is required. R. S. 1889, sec. 7309; Dillon on Mun. Corp. [3 Ed.], sec. 628; *Reid v. Board of Education,* 73 Mo. 304. (4) A dedication by estoppel, that is a common law dedication, was not shown. There was nothing in the conduct of the county with reference to the ground inconsistent with the intention to retain control over its use. *Kansas City v. Ratekin,* 30 Mo. App. 416; *Landis v. Hamilton,* 77 Mo. 554; *Baker v. Vanderburg,* 99 Mo. 378; *Heitz v. St. Louis,* 110 Mo. 618; *Vossen v. Dautel,* 116 Mo. 379; *Com. v. Baker,* 21 Atl. Rep. 243; *Weiss v. South Bethlehem,* 20 Atl. Rep. 801; *Erwin v. Dickson,* 9 How. (U. S.) 10; Dillon on Mun. Corp. [4 Ed.], sec. 634; 5 Am. and Eng. Ency. of Law, 400. (5) No acceptance of the ground in controversy by the public for sidewalk purposes was shown. An acceptance is as essential to a dedication, as the intention to give on the part of the owner. *Becker v. St Louis,* 37 Mo. 13; *Vossen v. Dautel,* 116 Mo. 167; *Detroit v. Railroad,* 23 Mich. 123; Dillon, Mun. Corp. [3 Ed.] sec. 636. (6) In the case of city streets and sidewalks such acceptance should be manifested by some of the authorities, either formally confirming the dedication or exercising authority over the ground in some of the ordinary ways of improvement or regulation. *People v. Jones,* 6 Mich. 176; *Detroit v. Railroad,* 23 Mich. 173. (7) Mere user by the public unless it is shown to have been adverse and not permissive, does not constitute an acceptance. *Brink v. Collier,* 56 Mo. 167; *State v. Bradburg,* 40 Me. 154; *State v. Balenselfer,* 74 Ill. 184. (8) The evidence does not show that the obstruction occasions any special injury to the Baker block such as would entitle plaintiffs to an injunction or damages. They have no standing except on proof of special damage, and the testimony

proves they are not damaged at all. *Fairchild v. St. Louis,* 97 Mo. 85; *Rule v. St. Louis,* 93 Mo. 408; *Bailey v. Culver,* 84 Mo. 531.

BRACE, P. J.—From a decree of the circuit court of Greene county dissolving a temporary injunction and dismissing the plaintiffs' bill, and a judgment in pursuance thereof for damages on the injunction bond, the plaintiff appealed to the St. Louis Court of Appeals, where the decree of the circuit court was affirmed. After an unsuccessful effort by plaintiff for a rehearing in that court and for a transfer of the case to this court, upon their application to this court the record of the case was brought here by *certiorari.*

The judgment of the circuit court was affirmed by the court of appeals in pursuance of the following opinion delivered by BOND, J., in which all his associates concurred:

"This action is by the owner and tenants of a lot and building to enjoin the tenants of a contiguous building from adding a bay window to the same on four feet of ground in front of said building. The equities alleged are that the said four feet of ground whereon the bay window is about to be erected were dedicated to the public as a part of the pavement of the public square of Springfield, Missouri, by the county court when the building itself was constructed, and that the present use of said four feet of ground attempted by defendants is a public nuisance, inflicting special injury on the property rights of the plaintiffs. The defense is non-dedication and ownership of the four feet of ground in question by the landlords of defendants under *mesne* conveyances running back to a grant from the county court. On the trial plaintiffs' petition was dismissed and damages assessed at $150 from which decree this appeal is taken.

"It appears from the evidence that in 1885 the county court of Greene county owned the lot whereon the building occupied by defendants is situated, and erected said building at the same time that plaintiff was erecting one on her adjacent lot; that upon the request of plaintiff the county court set its building back four feet from the front boundary of its lot and plaintiff placed hers back ten feet from her front line, thus making an arcade entrance to the public square of the town, 22 feet wide, connecting the square with Olive Street and with an opening on the square in a diagonal line about 32 feet wide; that the portion of the lot thus left in front of the county building was paved as other parts of the sidewalk; that there was a party wall between the two buildings, the cost of which was divided between the plaintiff and the county; that there was no record of the agreement as to location of its building made by the county court with plaintiffs, nor was the same evidenced by any writing, but rested solely in the parol declaration of the majority of the county court and the further fact that it was acted out by the county court in placing its building four feet from the front of the lot whereon it was situated. The evidence was conflicting as to the effect of the proposed addition of the bay window to the house of defendants on the property rights of plaintiffs, but it fairly appeared that such addition was injurious to the value and uses of plaintiffs' building.

"It is claimed by appellants under the foregoing facts that they are entitled to an injunction on the grounds alleged in their petition. There are two methods of dedication; one statutory, the other as it existed at common law. The present case does not make out a statutory dedication. Such a dedication is not accomplished, as claimed by the learned counsel for

appellants, by reason of the fact that the county court left bare four feet on the front of its lot when it erected the building in question for county purposes under the power given it by statute. Revised Statutes 1889, section 3123. Such act simply imported that the county court thereby used so much of the lot as was covered by the building for that purpose. It did not evince an intention to renounce future ownership or control of the portion left unused. To have effected such a purpose it was indispensable that the county court should have adopted the mode prescribed by law. R. S. 1889, sec. 7309; *Reid v. Board of Education*, 73 Mo. *loc. cit.* 304.

"It is next urged by appellants that the record shows a dedication by acts *in pais*, such as is recognized at common law. The rule on this subject is that a common law dedication can only be made out by convincing evidence of the intention of the donor to appropriate the land to public use and further proof of an acceptance of such appropriation by the public. *Vossen v. Dautel*, 116 Mo. 379; *Heitz v. St. Louis*, 110 Mo. 618; *Baker v. Vanderburg*, 99 Mo. 393; *Brinck v. Collier*, 56 Mo. 160. This record is barren of any evidence tending to prove a dedication of the ground according to the principles above stated. It neither appears that it was unequivocally given to the public by the county court, or that it was accepted as the property of the public.

"The fact of the omission to build on the four feet of frontage when the edifice was constructed is not of itself evidentiary of a dedication, and if it could be so construed, it could not become effective as such in the absence of proof of the further essential fact of acceptance thereof by the public. *Becker v. St. Charles*, 37 Mo. 13. As to that the evidence is undisputed that the strip in controversy was used by the present and former ten-

ants for the purposes of displaying merchandise kept in the building; that taxes were regularly paid thereon, and that at the time of the various sales of the lot the measurements of each deed called for this portion and it was actually pointed out to the vendees as an integral part of the land acquired by them under their respective deeds.

"We have not overlooked the argument of appellants that the lot and building occupied by defendants was held by the county court for public purposes and therefore not the subject of sale. That the county court, within the limits prescribed by statute, can sell and convey public property held by it is clear. Revised Statutes 1889, sections 3422, 2398. Since the right of appellants to relief in this case is predicated upon a dedication of the said four feet strip, it is immaterial whether or not the county court made a valid conveyance of the lot in the first instance. If the deed of the county court to the lot in controversy was void, then the title remains in that body and it alone, in the absence of a dedication, can question the present uses thereof by respondents. If on the other hand the conveyance of the county court of the lot in question was operative, still the right of appellants to enjoin the uses of the strip in controversy by respondents must depend on the fact of a dedication thereof to the public.

"That there was no such dedication in this case has been shown. The result is that the decree of the trial court in dismissing appellants' petition was correct and will be affirmed."

The opinion contains a sufficient statement of the facts in the case, from which it appears that the question thereby presented was whether the plaintiffs were entitled to an easement in the premises of which the defendants were the owners in fee. The easement

claimed is a right in the defendants' land, to which it is permanently servient, if their claim be sustained, and the trial of the claim involved title to real estate. *Baubie v. Ossman*, 142 Mo. 499; *Wells v. Harris*, 137 Mo. 512; *State ex rel. v. Rombauer*, 124 Mo. 598. Such being the case the appeal should have been taken to this court, and the St. Louis Court of Appeals being without jurisdiction thereof its proceedings and judgment must be quashed, and it is accordingly so ordered. The case has been submitted to this court by both parties on the record thus brought here. After hearing able oral arguments of counsel on each side, and a careful examination of their respective briefs filed herein, and an examination of the authorities cited, we reach the same conclusion as did the court of appeals, and for the reasons stated in the foregoing opinion of Judge BOND, the decree and judgment of the circuit court of Greene county will be affirmed. ROBINSON and WILLIAMS, JJ., concurring.