Lightcap *v.* Town of North Judson.

---

LIGHTCAP *v.* THE TOWN OF NORTH JUDSON ET AL.

[No. 18,702.   Filed January 11, 1900.]

DEDICATION.—*Acceptance.*—*Highways.*—To constitute a dedication of land for highway purposes, there must be an offer of the land by the owner, and acceptance of such offer by the public or by the proper local authorities. *p. 46.*

SAME.—*Revocation.*—The owner of certain real estate offered to dedicate a part thereof to the public for highway purposes. Before the offer was accepted such owner sold and conveyed the real estate, the deed of conveyance containing no reservation of the part so offered to the public. *Held,* that the conveyance constituted a revocation of the offer to dedicate. *pp. 46, 47.*

From the Pulaski Circuit Court. *Reversed.*

*William Spangler* and *H. R. Robbins*, for appellant.
*Burson & Burson* and *S. Bybee*, for appellees.

BAKER, J.—Complaint to enjoin appellees, the town of
North Judson and its officers, from interfering with appel-
lant's property. Answer of general denial. Special find-
ing of facts and conclusions of law. Judgment for appel-
lees. The only error assigned is that the court erred in its
conclusions of law.

The facts, briefly stated, are as follows: In 1886, one
Stephen J. Nave was the owner of a strip of land sixty-six
feet wide off of the south side of a triangular parcel of
ground in the town of North Judson, the southern boundary
of which was an alley sixteen feet in width. In March, 1886,
certain citizens living west of this land, desiring more road-
way than was afforded by the sixteen foot alley, bought of
Nave a strip nine feet wide off of the south side of his land
next the alley; and on the 26th of March, 1886, Nave and
wife executed their deed for such strip to Wayne township
for road purposes, that being the township in which the
land and the town of North Judson were situated. After
its execution, the deed was delivered to J. E. Jones, a citizen
who had been instrumental in raising the money to pay for
the strip. Jones was not an officer of the township at the
time nor afterwards. The deed was shown to Jacob Kries,
the township trustee, who read it and handed it back to
Jones. The deed was never formally delivered to the trus-
tee of the township. Afterwards, on July 5, 1893, some
person caused the deed to be properly recorded in the rec-
ords of deeds of Starke county. On October 7, 1886, Nave
and wife conveyed to appellant the entire sixty-six foot strip,
including the part described in the deed to Wayne town-
ship. At the time of the negotiations between Nave and
appellant for the sale and purchase of the land, Nave in-

formed appellant that he had sold and transferred to the township for road purposes a strip nine feet wide off of the south side of his sixty-six foot piece of ground, and went with appellant and by measurement on the premises showed where the north line of the nine foot strip .would fall. Appellant acted as scrivener in drawing up the deed, taking the description from an old deed. There was no reservation in the deed of the nine foot strip. Both Nave and wife could read and write, but the deed was not read to them after it was prepared and before they signed it. The deed to the appellant was duly recorded October 11, 1886. After appellant had procured the deed, he placed a fence along the south side of the sixty-six foot strip of land for the purpose of inclosing the ground bought of Nave. The marshal of North Judson took away the fence by direction of the town board, and, in the spring of 1894, the plaintiff having replaced the fence, the marshal again removed the fence. The fence was again rebuilt, and again torn away by the marshal. The town of North Judson was incorporated in 1889, and the land in controversy is within the corporation limits, and the town threatens again to take the fence down, if it is again built. On January 11, 1894, appellant recovered a judgment in the Starke Circuit Court quieting his title to the land in controversy against the county of Starke and Wayne township in Starke county, which is in full force and unappealed from, but the town of North Judson was not a party to the judgment.

From these facts the court concluded that the strip of ground in controversy was a part of the public alley.

It is not found that the grantee in the dedicatory deed ever accepted it, or authorized its acceptance; or that the county or town ever accepted the offer; or that the public or any road officials accepted the proposed dedication by using the strip as a highway; or even that the individuals who raised the money to pay Nave for the land ever used it or claimed the right to use it for a way, public or private.

Delivery and acceptance are necessary to complete the execution of a deed. *Bremmerman* v. *Jennings*, 101 Ind. 253; *Rittmaster* v. *Brisbane*, 19 Col. 371, 35 Pac. 736; *Richardson* v. *Grays*, 85 Iowa 149, 52 N. W. 10; *Cravens* v. *Rossiter*, 116 Mo. 338, 22 S. W. 736; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341, 50 N. E. 963; *Hubbard* v. *Cox*, 76 Texas 239, 13 S. W. 170. To constitute a dedication by which the public or the appellees herein could acquire any rights over the property, there must be an offer of the land by the owner, for street purposes, and an acceptance of the offer by the public or by the proper local authorities. *City of Columbus* v. *Dahn*, 36 Ind. 330; *Mansur* v. *State*, 60 Ind. 357; *Mansur* v. *Haughey*, 60 Ind. 364; *Pennsylvania Co.* v. *Plotz*, 125 Ind. 26; *Steinauer* v. *City of Tell City*, 146 Ind. 490; *City of San Francisco* v. *Canavan*, 42 Cal. 541; *City of Eureka* v. *Croghan*, 81 Cal. 524, 22 Pac. 693; *Smith* v. *City of San Luis Obispo*, 95 Cal. 463, 30 Pac. 591; *City of Chicago* v. *Drexel*, 141 Ill. 89, 30 N. E. 774; *Town of Cambridge* v. *Cook*, 97 Iowa 599, 66 N. W. 884; *State* v. *Bradbury*, 40 Me. 154; *Kennedy* v. *Mayor, etc.*, 65 Md. 514, 9 Atl. 234; *Hemphill* v. *City of Boston*, 62 Mass. 195; *Hayden* v. *Stone*, 112 Mass. 346; *Slater* v. *Gunn*, 170 Mass. 509, 49 N. E. 1017, 41 L. R. A. 268; *Field* v. *Manchester*, 32 Mich. 279; *Baker* v. *City of St. Paul*, 8 Minn. 491; *Brinck* v. *Collier*, 56 Mo. 160; *Landis* v. *Hamilton*, 77 Mo. 554; *City of St. Louis* v. *University*, 88 Mo. 155; *Bauman* v. *Boeckeler*, 119 Mo. 189, 24 S. W. 207; *Baker* v. *Squire*, 143 Mo. 92, 44 S. W. 792; *City of Omaha* v. *Hawver*, 49 Neb. 1, 67 N. W. 891; *State* v. *Underhill*, 144 N. Y. 316, 39 N. E. 333; *State* v. *Fisher*, 117 N. C. 733, 23 S. E. 158; *Union Co.* v. *Peckham*, 16 R. I. 64, 12 Atl. 130.

On October 7, 1886, the dedication not having been accepted, Nave had the right to withdraw the offer as against the public. The individuals who procured Nave to make the offer could not compel the grantee or the public

to accept it.   If they have a private right of way, it avails appellees nothing.   A conveyance before acceptance is a revocation of the offer to dedicate.   *City of Eureka* v. *Croghan,* 81 Cal. 524, 22 Pac. 693; *Trine* v. *City of Pueblo,* 21 Col. 102, 39 Pac. 330; *Minneapolis, etc., R. Co.* v. *Town of Britt,* 105 Iowa 198, 74 N. W. 933.   The deed of Nave to appellant was therefore a revocation, unless it was ineffectual to pass to appellant the entire estate in the disputed strip.   The deed included the strip.   True, it is found that appellant had notice of the prior dedicatory deed and was shown the line; but it was not found, however, that Nave did not inform him that the offer of dedication had not been accepted and that it was his intention to revoke the offer or authorize appellant to do so.   The fact that appellant wrote the deed and Nave did not read it, of itself affords no inference that the deed as written did not truly express the intention of the parties.

Judgment reversed, with directions to grant a new trial.