INTERSTATE IRON AND STEEL COMPANY *v.* CITY OF EAST CHICAGO.

[No. 23,002. Filed March 12, 1918. Rehearing denied June 27, 1918.]

1. QUIETING TITLE.—*Defenses.—General Denial.*—In suits to quiet title, all defenses are admissible under the general denial. p. 508.

2. DEDICATION.—*Plat Showing Street.*—A plat presented by the owner of land to the common council of a city, duly acknowledged, approved and recorded, and representing a strip of ground named as a street extending east and west across the owner's land, was a plat of the street within the meaning of §246 of the Cities and Towns Act, Acts 1905 p. 219, §8900 Burns 1914. p. 509.

3. EVIDENCE.—*Acts by Corporation.—Presumptions.*—Acts done by a corporation which presuppose the existence of other acts

MAY TERM, 1918.          507

Interstate Iron, etc., Co. *v.* City of East Chicago—187 Ind. 506.

to make them operative are presumptive proofs of the latter. p. 509.

4. DEDICATION.—*Plats.—Acceptance by Public.*—Under §§8900, 8901 Burns 1914, Acts 1905 p. 219, the proprietor who plats a street and acknowledges the plat and has it approved and recorded grants to the municipality, in trust for the public, the title to an easement for a street, and no further assent or acceptance by the public is required, so far as the *grant* is concerned. p. 509.

5. DEDICATION.—*Street.—Nonuser.—Effect.*—Where there was a statutory dedication of a street by the recording of a plat and the approval of it by the municipality, the public could not be deprived of its rights by nonuser, nor by the failure of the city to exercise authority over the street, nor by the fact that the dedicator paid the taxes on the land included in the street. p. 510.

6. QUIETING TITLE.—*Relief.—Easement.*—In an action by an owner of land to quiet title against an easement for a public street, where the case was tried on the theory that only such easement was involved, it was proper to quiet title to only the easement and not to quiet the fee to the land in the plaintiff. p. 511.

From the Porter Circuit Court; *H. H. Loring,* Judge.

Action by the Interstate Steel and Iron Company against the city of East Chicago and others. From a judgment for the city on its cross-complaint, the plaintiff appeals. *Affirmed.*

*William J. Whinery* and *John D. Kennedy,* for appellant.

*B. D. L. Glazebrook, N. A. Hembroff, A. Ottenheimer* and *Lincoln V. Cravens,* for appellees.

TOWNSEND, J.—Appellant sought to quiet its title to real estate against an easement for a public street. Appellee, city of East Chicago, filed a cross-complaint to quiet title to the easement. The Lake county council, the board of commissioners, and the Hammond, Whiting and East Chicago Railway Company are also appellees, and all answered except the railway company, which was defaulted. Trial by jury. Verdict for city

508    SUPREME COURT OF INDIANA,

Interstate Iron, etc., Co. *v.* City of East Chicago—187 Ind. 506.

of East Chicago on its cross-complaint and judgment quieting title to the easement.

Answers were general denial and several paragraphs of special answer. Much space is used in the briefs on both sides in discussing rulings on demurrers to these special answers. Inasmuch as the cause was tried and the evidence is here, it does not matter how the court ruled on these demurrers or whether it ruled at all. It has been the law of this state for at least seventy-five years that in quiet-title suits all defenses are admissible under general denial. Therefore the questions discussed in this case must arise, if at all, on motion for new trial. Hence we shall examine such questions as are properly presented by this motion.

On August 11, 1908, the East Chicago company, the then owner of the land in question, presented to the common council of East Chicago a plat, duly acknowledcdged by the proper officers. It was approved August 13, 1908, and duly recorded on August 13, 1908. This plat represented a strip of ground named 141st street, running east and west across the land in question. Previous to this, on August 7, 1908, the East Chicago company deeded to the public for street purposes the same strip of ground, which deed was accepted by the common council of the city of East Chicago and was recorded August 13, 1908. Afterwards, on September 3, 1908, March 27, 1909, and June 30, 1909, the East Chicago company deeded to appellant the land over which the easement in question runs.

In the year 1912 the board of public works of the city of East Chicago, desiring to open the street in question, condemned a strip of appellant's ground adjacent to 141st street, to make it uniform in width, and awarded appellant $1,200 damages. Appellant appealed to the superior court and was awarded $900 more. The

MAY TERM, 1918. 509

Interstate Iron, etc., Co. *v.* City of East Chicago—187 Ind. 506.

city paid to the clerk of the court $2,100 together with interest and costs.

Appellant objects to the plat because it represents 141st street and parts of cross streets and nothing more except the tract of land, and cites cases concern-

2. ing annexations of platted and unplatted land adjacent to cities and towns. This is wholly aside from the question. The land was not being annexed, but was a part of the city of East Chicago. This was a plat of 141st street within the meaning of §8900 Burns 1914, Acts 1905 p. 219, 390.

Appellant also objects to the deed and the plat for the reason that it is not shown that the officers of the East Chicago company had authority to execute

3. them. Acts done by a corporation which presuppose the existence of other acts to make them legally operative are presumptive proofs of the latter. It would be a harsh and inconvenient rule to hold otherwise. 3 Cook, Corporations (7th ed.) §725; *Bank of United States* v. *Dandridge* (1827), 12 Wheat. (U. S.) 64, 64 L. Ed. 552; 10 Cyc 1003.

If appellant's last contention were to prevail, it proved no title to the land in question, for its deeds from the East Chicago company are subject to this contended infirmity.

It is also insisted by appellant that the approval of the plat by the common council of the city of East Chicago is not an acceptance of 141st street desig-

4. nated thereon. Under §§8900, 8901 Burns 1914, *supra,* the proprietor who plats a street and acknowledges the plat and has it approved and recorded grants to the municipality, in trust for the public, the title to an easement for a street, and no further assent or acceptance by the public is required, so far as the *grant* is concerned. 3 Dillon, Mun. Corp (5th ed.) §§1071, 1090. Appellant cites authorities

to the effect that the approval of a plat is not such an acceptance as will make the city liable for negligence. These very authorities recognize the distinction between acceptance of the *grant* and acceptance of the *street* by opening, improving and exercising authority over it. *Downend* v. *Kansas City* (1899), 156 Mo. 60, 56 S. W. 902, 51 L. R. A. 170. This case cites *Baldwin* v. *City of Springfield* (1897), 141 Mo. 205, 212, 42 S. W. 717, to the effect that even an acceptance of a dedication, *transferring title to the street in trust for the public,* does not create liability for negligence, unless and until the corporation in some appropriate manner has *invited* or *sanctioned* its use as a street by the public.

Appellant complains of the court's exclusion of its evidence of nonuser by the public and the failure of the city to exercise authority over the street, and

5.   that appellant paid taxes on the land in question.

The court was right in excluding this evidence. This was a statutory and not a common-law dedication. The public cannot be deprived of its right in this manner where there is a statutory dedication. Our statutes provide methods of vacating streets which have been platted and the plat approved by public authorities and recorded. Appellant realized this and filed with the board of public works of the city of East Chicago its petition to vacate 141st street while this action was pending.

Appellant next claims error in the court's refusal to give instructions tendered by it. These instructions are nearly all based upon common-law dedication and the court was right in refusing them.

The court, on its own motion, gave seventeen instructions, and these were all of the instructions given. They correctly and fairly state the law applicable to the evidence. Appellant particularly complains of the court's

instruction No. 7, which told the jury that the rights of the defendants, other than the city of East Chicago, were depe~ dent upon the city's rights. This instruction is substantially appellant's refused instruction No. 25, which it is complaining about. Surely appellant cannot be serious in this. Besides, the instruction is right.

Appellant says that the fee to the land in question should have been quieted in appellant. The case was tried on the theory, by both the appellant and 6. the appellees, that nothing was involved but the easement to 141st street over appellant's land. The verdict and judgment quiet title to this easement and nothing more.

Appellant's other contentions are based on the action of the board of public works in the condemnation proceedings in widening the street in question. These questions were decided against the appellant in a previous appeal. *City of East Chicago* v. *Interstate Iron & Steel Co.* (1914), 183 Ind. 33, 107 N. E. 274.

Judgment affirmed with costs.

NOTE.—Reported in 118 N. E. 958. Dedication: of streets, 129 Am. St. 579, 13 Cyc 458, 463; reservation of land on a plat or map for specified purpose as dedication to public, Ann. Cas. 1916D 1078.