Thomas P. LIPPEATT, Appellant
(Plaintiff Below),

v.

COMET COAL AND CLAY COMPANY, INC., Frances Haseman, Nell Humphreys, Steve Poole, and Templeton Coal Company, Inc., Appellees (Defendants Below).

No. 1–1080A275.

Court of Appeals of Indiana,
First District.

May 11, 1981.

Rehearing Denied June 12, 1981.

George N. Craig, Craig & Craig, Brazil, Buena Chaney, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for appellant.

B. Curtis Wilkinson, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, John M. Baumunk, Brazil, for Comet Coal and Clay Company, Inc.

Frederick T. Bauer, Bauer, Miller & Bauer, Terre Haute, for Frances Haseman, Nell Humphreys, Steve Poole, and Templeton Coal Company, Inc.

ROBERTSON, Judge.

Thomas P. Lippeatt (Lippeatt) appeals the summary judgment entered on behalf of Comet Coal and Clay Company, Inc. (Comet) and the other defendant-appellees. This case involves the construction of a deed and the conveyance of mineral rights.

The judgment is affirmed.

In 1919, Lippeatt's grandparents received a deed executed by the Vandalia Coal Company conveying rights to a vein of coal. In 1926, Vandalia Coal Company executed a deed which transferred its interest to the Vandalia Coal Corporation. Comet and the other defendant-appellees received title to various other veins of coal from Vandalia Coal Corporation. There is no question involving the chain of title to any of the parties to this action. This case revolves around what was conveyed by the 1919 deed. (Hereinafter referred to as the Lippeatt deed).

The deed between the Vandalia Coal Company and Lippeatt's grandparents provides:

### Warranty Deed

"This indenture Witnesseth, that Vandalia Coal Company a corporation organized and existing under and pursuant to the laws of the State of New Jersey, conveys and warrants to Thomas Lippeatt and Margory Lippeatt, husband and wife of Sullivan County, State of Indiana, for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged, the following described real estate in Sullivan County, State of Indiana, to-wit:

The sixth (6th) or surface vein of coal only underlying the northwest quarter of Section one (1) Township Seven (7) North Range Eight (8) west and also the northwest quarter of the northeast quarter of section one (1) Township and Range aforesaid, and also the west half of the southwest quarter of the northeast quarter of Section one (1) Township and Range aforesaid together with the right to mine and remove the same with such rights, privileges, franchises and immunities as are owned by said Grantor, as shown by the chain of title to said coal.

The Grantor reserves and does not hereby convey all the other seams of coal in and under above described lands, together with the right to mine and remove the same with such rights, privileges, franchises and immunities as are owned by said Grantor in connection therewith, as shown by the chain of title to said coal, and it is understood and agreed as a part of the consideration for this conveyance that said Grantee his heirs, successors and assigns will so conduct any and all mining operations in the said Number 6 seam of coal hereby conveyed in such manner as to, in no wise interfere with or hamper the Grantor in the mining and removing

of the other seams of coal in said above described lands, and without interference with the Grantor in the full and free exercise of all the rights, privileges, franchises and immunities heretofore granted to or reserved by Grantor in connection with the said other seams of coal and minerals in said lands.

Said Grantor also reserves the right to mine and remove all seams of coal in said lands not herein conveyed to Grantee without any liability for any damages caused to said Grantee his heirs, successors and assigns accruing to the said Number 6 seam of coal hereby conveyed, by subsidence or otherwise, due to the mining and removing of said other seams of coal.

In Witness Whereof said Grantor has hereunto set its corporate signature and seal this 1st day of December, 1919." Lippeatt interpreted the deed as conveying the "surface" vein of coal and brought suit. Comet argues that the deed merely conveyed the sixth vein of coal. Both sides moved for summary judgment and judgment was entered on behalf of Comet.

The trial court examined the Lippeatt deed and determined that Comet was entitled to a judgment as a matter of law. The opinion noted that both sides submitted extrinsic evidence and although a genuine dispute of fact existed regarding the extrinsic evidence, the Lippeatt deed was unambiguous and capable of a logical interpretation from the document itself. The trial court found that the Lippeatt deed only conveyed the sixth vein of coal and that the term "surface vein" should be interpreted to be the same as the sixth vein. The opinion explained that the sixth vein was a more specific description than the "surface vein" and more specific descriptions control general descriptions. The trial court further explained that if any ambiguity existed in the granting clause, such ambiguity must be resolved in favor of Comet because the deed intended to convey only one vein of coal and the habendum clauses only referred to the sixth vein. In reaching its opinion, the trial court took judicial notice of the existence of various geological strata

of coal contained in an annual geology report of 1898.

Coal lies in the earth in various geological strata. Each vein is numbered upward, such that the lowest vein is numbered one. The veins have certain distinguishing characteristics such as content, texture, and depth. The issue presented in this case is what was conveyed in the Lippeatt deed. The essence of Lippeatt's argument is that the deed conveyed the "surface vein" of coal. The surface vein is a term used to define the vein located closest to the surface of the earth. The problem that arises here is that the tract of land in question contains seven veins of coal such that the seventh vein of coal is the surface vein and not the sixth vein as the deed describes. The parties agree that the Lippeatt deed conveys but one vein of coal. The language of the deed always describes a single vein or seam and the granting clause is limited by the word "only."

■ Lippeatt alleges that the trial court's opinion is contrary to law because the words of conveyance created an ambiguity and therefore, the trial court had a duty to examine extrinsic evidence. In *Claridge v. Phelps*, (1937) 105 Ind.App. 344, 11 N.E.2d 503, the following rules of construction of deeds are given:

One of the most important rules in the construction of deeds is so to construe them that no part shall be rejected. The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed. Such explanations are usually found in the habendum.

The office of the habendum is properly to determine what estate or interest is granted by the deed, though this may be performed and sometimes is performed

by the premises, in which case the habendum may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises.

105 Ind.App. at 347, 11 N.E.2d 503.

The trial court also relies upon the "four corners" rule in rendering its opinion. This rule provides that in construing written instrument, the language of the instrument, if unambiguous, determines the intent of the parties such that parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress or undue influence. Even if ambiguity exists, extrinsic evidence is only admissible to explain the instrument and not contradict it. *Hauck v. Second National Bank of Richmond*, (1972) 153 Ind. App. 245, 286 N.E.2d 852.

In *Hauck*, the opinion noted that the parol evidence rule would not apply to all situations where some ambiguity exists and we stated at 153 Ind.App. 263, 286 N.E.2d 852:

> Even where an ambiguity may appear, parol and extrinsic evidence is not admissible to aid in the interpretation of the instrument *until the four corners have been searched* to ascertain whether the instrument itself affords a reasonably clear understanding of what the creator intended. [Citations omitted].

The trial court incorporated these rules of construction in adopting its opinion.

■ The trial court properly construed the Lippeatt deed. Although an inconsistency exists in the granting clause because the sixth vein is not the surface vein, the inconsistency can be resolved upon examination of the deed. The trial court found the deed to be unambiguous and did not rely upon extrinsic evidence. The habendum clause of the deed clarifies the granting clause by twice referring to the sixth vein or seam of coal. The interpretation given by the trial court reconciles the uncertainty contained in the granting clause. Lippeatt has argued this interpretation is a result of numerical superiority by repetition of the description as the sixth vein. Lippeatt also contends that the habendum clauses act only to limit the grantor's liability and should not be construed to restrict the granting clause. We remain unpersuaded by these arguments because the deed consistently refers to the sixth vein and this term is a more precise description.

■ Lippeatt also argues that the clauses in the habendum do not expressly overrule the granting clause and that the granting clause usually controls the habendum. While Lippeatt is correct in asserting that the granting clause is usually controlling, *Long v. Horton*, (1956) 126 Ind.App. 651, 133 N.E.2d 568, it is also true that the habendum may lessen, enlarge, explain, or qualify a conveyance. *Claridge v. Phelps, supra*. The trial court examined the four corners of the instrument and found that the habendum clauses clarified the granting clause. Since the habendum explained and limited the granting clause, the trial court's action was consistent with the ruling of *Claridge v. Phelps, supra*.

■ Lippeatt alleges the trial court erred in finding that the description as the sixth vein was a more specific description than the surface vein. In construing this deed, the trial court was bound to adopt a construction which rendered it operative and to avoid a construction which rendered it contradictory or void. Words which are more specific and particular control words which are more general. *Gano v. Aldridge*, (1866) 27 Ind. 294. Lippeatt argues that whether a vein of coal is the sixth or seventh vein is often a point of geological uncertainty but that the surface vein is always the vein closest to the surface of the earth. While Lippeatt's definition of surface vein is accurate, it is also admitted that the surface vein could be composed of coal from the fifth, sixth, seventh, or eighth veins. The description of the sixth vein is inherently more accurate than the term surface vein because there is only one vein which is the sixth vein whereas the surface vein could be formed of multiple veins. The trial court took judicial notice of a state geological report which revealed that both veins six and seven coal were preva-

lent in the land conveyed by the Lippeatt deed. Although a particular vein of coal could be geologically uncertain, such a finding here would be contrary to the facts.

■ Lippeatt argues that a surface vein is a natural monument and therefore, it is entitled to a controlling influence. Lippeatt cites *Earhart v. Rosenwinkel*, (1940) 108 Ind.App. 281, 292, 25 N.E.2d 268, 272 as authority for this proposition. In that case, we stated:

> Under the principle that where some particulars of the description in a deed do not agree, those which are uncertain and more liable to error and mistake must be governed by those which are more certain, *various rules for the interpretation of descriptions of the location and boundary of lands have been evolved* and are now frequently referred to in interpreting grants and deeds. Accordingly an order of precedence has been established among different calls for the location of boundaries of land, and other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries, and thereafter to courses and distances. [Emphasis added].

Although Lippeatt cites a correct principle of law, the cited principle is primarily used for determining the location and boundaries of land. This principle is of limited usefulness to determine the extent of the conveyance.

Lippeatt alleges that the trial court's interpretation fails to give any effect to the words "surface vein of coal only." The actual language of the conveyance is "the sixth or surface vein only." The trial court was forced to resolve this inconsistent provision. Lippeatt has argued the deed conveys only the surface vein and not, the sixth vein. To adopt Lippeatt's interpretation, it would require that we ignore the words "sixth vein" and to substitute the words "surface vein" to the two later references in the habendum. Such an interpretation would be inconsistent and result in confusion as to the extent of the conveyance because the surface vein could be composed of many veins.

■ Lippeatt argues the trial court considered the extrinsic evidence by taking judicial notice of the information contained in the annual report of 1898 and by examining the deeds of the defendant-appellees. Lippeatt argues that since the trial court relied upon extrinsic evidence, the granting of summary judgment is improper. The trial court may take judicial notice of official public documents and statistics compiled by state geologists, *State v. Barrett*, (1909) 172 Ind. 169, 87 N.E. 7, and therefore, the trial court's reliance on the geology report was proper. Lippeatt contends that the only deed in question was the Lippeatt deed, and the trial court should not have considered the deeds of the defendant-appellees. The trial court only construed the Lippeatt deed and the examination of the other deeds established that the defendant-appellees were proper parties to this lawsuit by demonstrating ownership of other veins. If there was any error by this activity, the error was harmless.

Lippeatt has raised numerous other errors in this appeal. Lippeatt has pointed out that the trial court improperly cited a case and that one of its findings of facts lacked grammatical certainty. Although these errors exist, they do not result in any harm to Lippeatt. Lippeatt has also alleged that the trial court misplaced the focus of its analysis because it found that Comet owned the seventh vein and that Lippeatt merely owned the sixth vein. These arguments are a mere repetition of the argument that the Lippeatt deed conveyed the surface vein and that Comet could never have received the seventh vein because the Vandalia Coal Corporation never owned it. The trial court examined the four corners of the Lippeatt deed, found it conveyed the sixth vein, and properly granted summary judgment.

The judgment is affirmed.

BUCHANAN, C. J. (sitting by designation), and RATLIFF, J., concur.