Doris ORME and Hubert S. Orme,
Appellants (Plaintiffs Below)

v.

ESTATE OF Nellie KRUWELL, Union
Bank and Trust Company as Adminis-
trator, Stella White, Everett Mullinix,
Roy W. Mullinix, Freda Dysert, Nellie Jo
Blessing, John Maurice Mullinix, Doro-
thy Surface Zaring, Lyndell Surface,
Kathleen Surface Hadley, Ruby Dorsey,
Dennis McCoy, Lucille Pickeral, Law-
rence Smith, Doris Grass, Mae Owens
and Deloris Woods, Appellees (Defend-
ants Below).

No. 4-383A72.

Court of Appeals of Indiana,
Fourth District.

Sept. 13, 1983.
Rehearing Denied Oct. 18, 1983.

Jack Rogers, Rogers & Gesse, Franklin,
for appellants.

James R. Acher, Acher & Acher, Frank-
lin, Frank E. Spencer, Indianapolis, for ap-
pellees.

CONOVER, Presiding Judge.

Doris and Hubert Orme (Ormes) appeal
the Johnson Circuit Court's entry of sum-
mary judgment in favor of the Estate of
Nellie Kruwell, et al. (Estate).

We affirm.

ISSUE

Does the "contract of settlement" bar the
Ormes' recovery? [1]

FACTS

We will set out only those undisputed
facts necessary to the disposition of this

---

1. We have considered the Ormes' other allega-
tions of error, e.g. the existence of various
factual disputes, the sufficiency of unverified
exhibits to support some of the estate's theo-
ries of affirmative defense, and the estate's
alleged failure to carry the burden of proof on
its affirmative defenses. Even if we ruled in
appellants' favor on all issues except the one
stated in the text, the undisputed facts require
affirmance on the release issue. We will affirm
the trial court's granting of summary judgment
if it can be sustained on any legal theory sup-
ported by the record. *Havert v. Caldwell*
(1983) Ind., 452 N.E.2d 154 at 157. We must
affirm on the release issue alone.

case. The plaintiffs executed a contract of settlement related to a different suit with Nellie Kruwell in 1951. The agreement included the following language:

> It is expressly agreed that the settlement herein provided for ... shall be a full and complete release of any claims involved in this litigation *or otherwise* between said parties, it being the purpose of said parties to put at rest *all claims* of every kind or character which now exists between said parties or *which may hereafter arise* between them .... (Emphasis added).

## DISCUSSION AND DECISION

The Ormes argue the contract of settlement did not deal with the real estate involved in this action because the document fails to specifically mention the real estate involved in this action. They rely on our standard of review when summary judgment is brought into question, namely, all doubts must be resolved in favor of the nonmoving party (Ormes). When the same is done in this case, they posit, a genuine issue of material fact becomes apparent.

We disagree.

■ The language of the release executed in 1952 is unambiguous. It released "all claims of every kind or character," present and future. That language is broad enough to include the Ormes' present one.

■ Their argument the contract's interpretation is a question of fact is incorrect. Release agreements and contracts generally are interpreted as a matter of law. *English Coal Co., Inc. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302, 308. Where the language of an instrument is unambiguous, the intent of the parties may be determined from its "four corners." Parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress, or undue influence. *Lippeatt v. Comet Coal & Clay Co.,* (1981) Ind.App., 419 N.E.2d 1332, 1335; *Hauck v. Second National Bank of*

*Richmond,* (1972) 153 Ind.App. 245, 286 N.E.2d 852, trans. den'd. (1973).

Affirmed.

MILLER, J., concurs.

NEAL, J. (sitting by designation), concurs.