James E. BEAMAN and Judith K. Beaman, husband and wife, and Lloyd Jordan and Kathryn Jordan, husband and wife, Appellants–Plaintiffs,

v.

Wilson SMITH, Jr. and Doris A. Smith, husband and wife, and City of Martinsville, Appellees–Defendants.

No. 55A04–9611–CV–485.

Court of Appeals of Indiana.

Sept. 15, 1997.

Steven G. Cracraft, McHale, Cook & Welch, P.C., Indianapolis, for Appellants–Plaintiffs.

Phillip R. Smith, Wehrle & Smith, P.C., Martinsville, for Appellees–Defendants.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

James and Judith Beaman and Lloyd and Kathryn Jordan (collectively, "Lot Owners") appeal the grant of Wilson and Doris Smith's motion for summary judgment on the Lot Owners' action to quiet title to a certain piece of land. We affirm.

### FACTS

Irwin Lewis and his wife Edith owned about 1.82 acres of real estate adjacent to the City of Martinsville. On June 26, 1969, they executed a plat to "subdivide the same into lots in accordance with the ... plat" and establish "restrictions, provisions and conditions as a part of said Plat and Subdivision." (R. 99). The drawing illustrating the Irwin Lewis Subdivision plat shows a row of six lots, with # 1 on the western end and # 6 on the eastern end, along the north side of Harrison Street. All have a 25 foot setback from Harrison Street. Between lot # 5 and # 6 is drawn an "Easement for Future Street," (R. 97), which is 50 feet wide and 132 feet long. On either side of this "Easement for Future Street," there is another 25 foot setback line that protrudes on the west into lot # 5 and on the east into lot # 6. The Martinsville Plan Commission approved the "Plat and Subdivision" on June 26, 1969. On August 26, 1969, the Martinsville Common Council annexed the property. The approved plat was recorded in June 1970, and the recorded document indicates the plat was approved by the Common Council "for a subdivision" and "duly entered on the city records." (R. 99).

Irwin Lewis died owning nearly 23 acres immediately north of the subdivision, and Wilson Smith, Jr. and his wife Doris acquired this property from Lewis' estate in 1985.

In April of 1988, James and Judith Beaman became owners of an undivided one-half interest in lot # 6, and Kathryn Jordan became the owner of lot # 5. On September 23, 1993, the Beamans and Kathryn Jordan along with her husband Lloyd (collectively, "Lot Owners") filed a complaint against the Smiths. The Lot Owners sought declaratory judgment and to quiet title to real estate concerning the fifty foot strip of land between lots # 5 and # 6 (the "Land"). The Lot Owners alleged that the residence and driveway on lot # 5 encroached on the Land and that they had planted trees and grass, tended and maintained the area, and parked on the Land. They asked the court to declare that the Lewises had waived, relinquished or abandoned ownership of the Land (by having excepted it from two subsequent conveyances of their larger parcel of property north of the subdivision), and that the Lot Owners had claimed title to it by adverse possession.

Subsequently, the Smiths filed a cross claim against the City of Martinsville and a counterclaim against the Lot Owners. The counterclaim asserted *inter alia* that the Land was dedicated in 1969 as part of a plat approved by the City and further asked the court to determine the rights of the parties to the Land. The City's answer asked that the court make a determination of the Land's legal title and status.

On May 6, 1996, the Smiths filed a motion for summary judgment, claiming there were no material issues of fact and seeking judgment as a matter of law that the Land was "dedicated to, accepted by and available to the use of the public and the City of Martinsville." (R. 85). After a hearing on the motion, the trial court granted the Smiths' motion. The court considered the Lot Owners' argument that no statutory dedication of the Land had occurred because the plat did not show "that the Land was for public use or was a public way." (R. 254). The court found current law, pursuant to Ind.Code 36–7–3–3(a)(3), to require a subdivision be platted in a certain way and recorded. Further, the court noted the provision of Martinsville's Municipal Code governing subdivision control defined an easement as a *"grant by the property owner of the use of a strip of land by the public,* a corporation, or persons, for specified purposes." (R. 254) (emphasis by trial court). Thereafter, the court found as follows:

A close examination of the Plat reveals that the designation of the Land on the Plat, using the words "easement for Future Street," clearly indicates the intention of the then-owner of the Land, Lewis, to grant to the public the use of the Land as a public way. The layout of setback lines, as clearly indicated in the Plat, further confirms the owners' intent. The 25 foot setback line is clearly indicated in the Plat, paralleling Harrison Street west to east at the south end of Lots 1 through 5 and east to west at the south end of Lot 6, the 25 foot setback line makes a 90 degree turn to the north, paralleling the boundaries of the "Easement for Future Street" to the terminus of the boundary of the Subdivision. The clear orientation of the setback line further confirms the intent of the then-owner, Lewis, to dedicate the Land as a public way.

*Id.* Accordingly, the court found as a matter of law that the plat accomplished statutory dedication of the Land "as a public way or street." (R. 256). The court also considered whether there was a common law dedication, and concluded that "in the alternative, there was a common law dedication of the Land for use of the land as a public way." *Id.*

## DECISION

■ Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). In reviewing a trial court's entry of summary judgment, we are bound by the same standard as the trial court. In the summary judgment context, specific findings aid appellate review, but they are not binding on this court. *DeBaets v. National Educ. Ass'n–South Bend,* 657 N.E.2d 1236, 1238 (Ind.Ct.App.1995). On appeal, we "stand in the shoes of the trial court," *id.,* i.e., we apply the same standard used by the trial court.

■ The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Hermann v. Yater,* 631 N.E.2d 511, 513 (Ind. Ct.App.1994). Once the movant meets these two requirements, the burden shifts to the non-moving party to set forth specifically designated facts showing the existence of a genuine issue. *Id.* The party losing in the trial court has the burden of persuading us that the trial court's decision was erroneous. *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431 (Ind.1993). Further, we may not reverse a summary judgment on the basis of an issue of fact or evidence relevant thereto which was not specifically designated to the trial court. *Id.;* Ind.Trial Rule 56(H).

### 1. *Failure to Designate*

■ The Lot Owners first claim that the failure of the Smiths to "specifically designate portions of documents upon which they relied in support of their motion for summary judgment requires reversal of the trial court's grant of summary judgment." Lot Owner's Brief at 10.

The Smiths designated documents and exhibits as follows: Exhibit A, the deed from the estate of Irwin A. Lewis to Wilson Smith, Jr.; Exhibit B, the deed from Wilson Smith, Jr. to Wilson Smith, Jr. and Doris A. Smith;

Exhibit C, a certified copy of the plat of the Irwin Lewis Subdivision; and two City of Martinsville ordinances concerning the Land.[1] In their memorandum in support of summary judgment, the Smiths made no references to where in these materials specific facts were found but merely framed their legal arguments, supported by authority, using the facts found within the documents. However, none of these documents are lengthy. Moreover, the most critical document is the plat drawing.

At the hearing on the motion, the Smiths frequently referred to Exhibit C, the plat of the subdivision, as evidencing dedication to the City, and specifically referred to the two identified ordinances as showing the City's action with regard to the Land. *See Czaja v. City of Butler,* 604 N.E.2d 9, 10 (Ind.Ct.App. 1992) (designation requirement met through oral presentation at the hearing on the motion for summary judgment). Moreover, the Lot Owners also referred to the Smiths' Exhibit C, the plat of the subdivision, in their own argument to the court. *See* R. 219.

■ "As long as the trial court is apprised of the specific material upon which the parties rely in support of or in opposition to a motion for summary judgment, then the material may be considered." *National Bd. of Examiners v. Am. Osteopathic Ass'n.,* 645 N.E.2d 608, 615 (Ind.Ct.App.1994), *trans. denied.* The trial court's detailed (six page, single spaced) ruling on the motion for summary judgment indicates that the court was adequately apprised of the specific material upon which the Smiths relied. We find no error here.

2. *Dedication*

■ The Lot Owners next contend there was no statutory or common law dedication

of the Land to the City of Martinsville. Beginning with the issue of statutory dedication, they claim the designation on the plat is inadequate to accomplish dedication under the relevant Indiana statute and under Martinsville's Municipal Code.

The Lot Owners cite Ind.Code 36–7–3–3(a)(3).[2] This provision was not in effect in 1969 or 1970. The 1947 predecessor language, contained in Ind.Code 48–801 (Burns 1950), stated that a subdivision plat should be recorded

with the public grounds, streets and alleys properly marked, showing the length and width of each, and with the lots regularly numbered and the size thereof marked on the plat.

This provision was replaced by passage of the City and Town Act of 1969, effective January 1, 1970, which similarly required a subdivision plat to be recorded

with the public grounds, streets and alleys properly marked, showing the length and width of each, and with the lots regularly numbered and the size thereof marked upon the plat.

Ind.Code 18–5–10–33 (Burns 1974). An effective recording required the plat to have first been approved by a certain kind of public board "or the common council." Ind. Code 18–5–10–34 (Burns 1974).[3]

The Lot Owners further cite the subdivision plat approval requirements of the Martinsville Municipal Code and assert that the Lewises' plat did not comply therewith. They fail to acknowledge that the Municipal Code submitted as part of their designated evidence did not become effective until 1983.

---

1. The first, dated August 25, 1969, provided for the annexation to the City of the subdivision. The second acknowledged by a duly passed ordinance that in 1978 the home on lot #5 encroached upon the 25 foot setback on the side of the lot and relinquished the City's rights to act with regard to that encroachment upon the "Easement given to and accepted by" the City for a street. (R. 106).

2. I.C. 36–7–3–3(a)(3) requires a person who lays out a subdivision to record a plat of the subdivision, which "must show public grounds, public

ways, and the length, width, and size of each lot."

3. Thus, in 1969 and 1970, contrary to the Lot Owner's argument, the statute did not require that the plat state the street was a "public way" but simply as a street.

Further, 1981 Indiana Act, Ch. 309, Sec. 116(b), specifically stated that its enactment (including the provisions of current I.C. 36–7–3–3) "d[id] not affect any rights accrued" before the effective date of the act.

Dedication, giving the public rights over the property, occurs when the owner makes an offer of the land "for street purposes" and the proper local authorities accept the offer. *Lightcap v. Town of North Judson*, 154 Ind. 43, 55 N.E. 952 (1900); *see also Cleveland, C., C. & St. L. Ry. Co. v. Christie*, 178 Ind. 691, 100 N.E. 299, 301 (1912). The statutory dedication scheme in effect when the Lewis subdivision was platted required that the plat have marked upon it "streets." A "street" is "a public highway running through or within a village, town or city." *Greenwood v. City of Washington*, 230 Ind. 375, 102 N.E.2d 642, 645 (1952) (citing *Debolt v. Carter*, 31 Ind. 355 (1869), *State v. Harrison*, 162 Ind. 542, 70 N.E. 877 (1904)). The statute further required approval by the common council before recording the plat would be effective. The long-standing statutory dedication scheme in Indiana has been that the owner "who plats a street and acknowledges the plat and has it approved and recorded *grants to the municipality, in trust for the public, title to an easement for a street*, and no further assent or acceptance by the public is required so far as the grant is concerned." *Interstate Iron & Steel Co. v. East Chicago*, 187 Ind. 506, 118 N.E. 958, 959 (1918) (emphasis added). Thus, despite the Lot Owners' continued assertion in their reply brief and at oral argument that the statute requires the designation on the plat to indicate that the street is "public," it is the chain consisting of (1) platting of a street, (2) acknowledgment, (3) proper municipal approval, and (4) recording which "grant[ ] to the municipality, in trust for the *public*, title to an easement for a street." *Id.* (emphasis added). Once this chain of events has transpired, the street has been dedicated for public use.

In accordance with the statute, the Lewises platted the subdivision to include six numbered lots of a specific size and an "Easement for Future Street" of a specific dimension. The Lewises acknowledged the plat. The plat was approved by the Martinsville Plan Commission and the Common Council. The approved plat was then recorded. Once the approved plat was recorded, title to the easement for a street was granted to the City of Martinsville, *see id.*, and statutory dedication was accomplished.

The trial court did not err in concluding that as a matter of law there had been a statutory dedication of the Land.[4]

We affirm.

RILEY and FRIEDLANDER, JJ., concur.

---

4. Because we find the trial court did not err in holding that a statutory dedication had been effected, we do not reach the Lot Owners' claim that the court erred in holding that there had been a common law dedication.