**Sofia Zorka POZNIC, Appellant–Plaintiff,**

v.

**PORTER COUNTY DEVELOPMENT CORP.; Signature Properties, Inc.; And Portage City Park and Recreation Board, Appellees–Defendants.**

No. 64A05–0206–CV–280.

Court of Appeals of Indiana.

Dec. 18, 2002.

---

David A. Buls, R. Brian Woodward, Casale, Woodward & Buls, LLP, Merrillville, IN, Attorneys for Appellant.

Hugo E. Martz, Martz & Boyles, Valparaiso, IN, Attorney for Signature Properties, Inc.

Andrew J. Kopko, Marco A. Molina, Kopko, Genetos & Retson, LLP, Merrillville, IN, Attorneys for Portage City Park.

## OPINION

MATHIAS, Judge.

 Sofia Zorka Poznic ("Poznic") appeals from the Lake Circuit Court's denial of her Petition for Quiet Title, Declaratory Judgment and Injunctive Relief against Porter County Development Corp. ("Porter County"), Signature Properties ("Signature"), and Portage City Parks and Recreation Board ("Portage Parks Board"). In her petition, Poznic requested quiet title to a strip of land she called the railroad "right-of-way." She also requested that the trial court declare her to be the true and lawful owner of the real estate, free from all other claims of ownership, right or priority. Lastly, she requested that the trial court grant an injunction against Portage Parks Board to prevent it from entering the real estate, altering it in any way, or conveying it to a third party. Poznic's restated issues on appeal are:

I. Whether Wabash Railroad Company obtained a fee simple interest or a right-of-way interest in a one hundred-foot wide strip of real estate deeded to it by Louis H. and Adda M. Robbins in 1892;

II. Whether Wabash Avenue was properly dedicated to and accepted by the City of Portage.[1]

We affirm.

### Facts and Procedural History

The stipulated facts reveal that in 1892, Louis H. and Adda M. Robbins deeded a one hundred-foot wide strip of land to Wabash Railroad Company (hereinafter "Railroad Property"). Thereafter, Joseph S. Robbins established and platted Robbins First Addition neighborhood ("First Addition"), dated January 29, 1929, which consisted of approximately thirty-seven and one half acres. The plat was recorded in 1940. Part of First Addition was directly north of the Railroad Property. The plat disclosed that a fifty-foot strip of land directly north of and adjacent to the Railroad Property was intended to be a road named Wabash Avenue. First Addition was never developed and Wabash Avenue was never improved as a street.

In 1960, the Town of Portage incorporated. Because First Addition was within the town limits, it became part of the Town of Portage, which became the City of Portage thereafter. Wabash Railroad ceased using the Railroad Property for railroad purposes no later than 1984, and some time thereafter removed the railroad tracks.

---

1. Appellee Portage Parks Board argues that Poznic cannot be granted relief because the City of Portage is an indispensable party pursuant to Indiana Trial Rule 19(A), but was not named as a party. This argument comes too late. Joinder must be raised before or during the trial court proceedings to avoid waiver. *Dunson v. Dunson*, 769 N.E.2d 1120, 1126 (Ind.2002) (citing *Coak v. Rebber*, 425 N.E.2d 197, 199–200 (Ind.Ct.App.1981)). The record does not disclose that this was done.

Then in January of 1987, the City of Portage ordered certain streets and alleys vacated, in what would have been First Addition. Wabash Avenue was not affected by this order.[2]

Early in February of 1987, Poznic obtained title to real estate within First Addition by warranty deed, which was recorded that same month. Her property includes the land in First Addition that is located directly north of and adjacent to Wabash Avenue. Wabash Avenue is adjacent to and north of the Railroad Property.

In 1991, Wabash Railroad merged with Norfolk and Western Railway Company. In January 1992, Norfolk and Western Railway quitclaimed to Porter County, its interest in the southern half of the one hundred-foot strip of land originally deeded to Wabash Railroad by Louis H. and Adda M. Robbins in 1892. Then in August of 1992, Norfolk and Western Railway quitclaimed to City of Portage, the northern fifty-foot strip of that same original one hundred-foot strip conveyed to Wabash Railroad in 1892.

Also in 1992, Porter County received a judgment of quiet title that held "fee simple title thereto is vested in Porter County Development Corporation." Appellant's App. p. 41. This order concerned the fifty-foot strip of land it had acquired via quitclaim deed from Norfolk and Western Railway. Additionally, at some point that is unclear based upon the record in this case, Poznic petitioned to have Wabash Avenue vacated. The record only indicates that Poznic's petition had not been granted at the time of appellate briefing.

On August 8, 2001, Poznic filed her complaint requesting quiet title, a declaratory judgment, and injunctive relief with regard to a strip of land she refers to as the railroad "right-of-way," which is located near her property. Her complaint named three defendants, Porter County, Signature, and Portage Parks Board. After receiving briefs and arguments on the case, the Porter Superior Court denied Poznic's Complaint on May 10, 2002, holding that 1) Poznic is not an adjoining landowner to the Railroad Property because Wabash Avenue is located between Poznic's land and the Railroad Property; 2) Wabash Avenue was properly dedicated, could not be abandoned, and could only be vacated; and, 3) Wabash Railroad received fee simple from Louis H. and Adda M. Robbins in 1892. Poznic now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

 The trial court based its decision to deny Poznic's Complaint for Quiet Title, Declaratory Judgment, and Injunctive Relief in part, upon the parties' stipulated facts filed in April 2002. When a trial court's decision is based upon stipulated facts, "this court is in as good a position as the trial court to determine its force and effect." *Williamson v. Rutana*, 736 N.E.2d 1247, 1249 (Ind.Ct.App.2000) (citation omitted). Thus, our review of the trial court's decision is de novo. *Id.* (citation omitted). Additionally, on appeal from a judgment based on stipulated facts there exists no presumption in favor of the trial court's decision. *Id.* (citation omitted).

---

2. Portage ordered the following streets and alleys vacated: "Cherry Street lying behind lots 14 through 20, Block 6 and Lots 6 through 11, Block 5, together with that part of a twenty-foot wide North–South alley lying between Lots 8 through 13, Lots 14 through 18, all in Block 6, together with that part of a twenty-foot wide East–West alley lying between Lots 1 and 2 all in Block 6." Appellant's App. p. 23.

## II. Rights Conveyed to Wabash Railroad by the Robbins in 1892

Poznic argues that in 1892, the Robbinses only conveyed a limited use easement in a one hundred-foot strip of land to Wabash Railroad, rather than a fee simple interest. Accordingly, if in fact the Robbins conveyed only an easement, Wabash Railroad's predecessor Norfolk and Western Railway could not have conveyed the land, and any alleged abandonment by Wabash Railroad of this land would cause title to revert to the adjoining landowner.

The Robbins Deed provided as follows:

This Indenture, made this 24th day of March in the year of our Lord one thousand eight hundred and ninety two Between Louis H. Robbins and Adda M. Robbins, his wife, parties of the first part, and THE WABASH RAILROAD CO. of the second part.

Witnesseth: That the said parties of the first part, for and in consideration of the sum of Two Thousand Nine Hundred Eighty–Five and 43/100 Dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, do by these presents grant, bargain, sell, remise, release, alien and confirm unto the said party of the second part, and to its successors and assigns *Forever,* a strip of land for railroad purposes One Hundred feet in width along the line of the Railroad now located (or hereafter to be located); that is to say Fifty feet on the northerly and Fifty feet on the southerly side of the said line, running in a westerly direction, over and across their certain piece of land situate, lying and being in the County of Porter and State of Indiana, known and described as follows, to-wit:

[Hand Written Legal Description]

Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining:

TO HAVE AND TO HOLD the said premises as described with the appurtenances, unto the said party of the second part, and its successors and assigns forever. And the said parties of the first part, for themselves, their heirs, executors and administrators, do COVENANT and agree, to and with the said party of the second part, its successors and assigns, that at the time of the ensealing and delivery of these presents, that they are well seized of the above granted premises, in fee simple; that they are free from all incumbrances whatever, and that they will, and their heirs, executors, and administrators, shall WARRANT AND DEFEND the same against all lawful claims whatever.

Appellant's App. p. 26; Br. of Appellee Portage Parks Board at 10–11.

■■■■ "The object of deed construction is to ascertain the intent of the parties and where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone." *Clark v. CSX Transp., Inc.,* 737 N.E.2d 752, 757 (Ind.Ct.App.2000), *trans. denied* (citation omitted). Interpreting nineteenth century deeds that conveyed interests to railroads is not a new concept for Indiana Courts. *See Tazian v. Cline,* 686 N.E.2d 95, 97 (Ind.1997) (listing several Indiana cases addressing similar railroad deed issues). "In determining the interest conveyed to the railroad, a court will seek to give effect to the intent of the parties." *Id.* (citing *Cleveland, Columbus, Cincinnati and Indianapolis Ry. Co. v. Coburn,* 91 Ind. 557, 562 (1883)).

■■■■ Courts should regard deeds in their entirety, and consider all deed parts as one, rejecting no parts. *Clark,* 737 N.E.2d at 757 (quoting *Lippeatt v. Comet*

*Coal &. Clay Co., Inc.,* 419 N.E.2d 1332, 1335 (Ind.Ct.App.1981) (citations omitted)). We do not look outside the four corners of the deed for an interpretation. *Id.* (quoting *Lippeatt,* 419 N.E.2d at 1335).

> This rule provides that in construing [a] written instrument, the language of the instrument, if unambiguous, determines the intent of the instrument such that parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress or undue influence. Even if ambiguity exists, extrinsic evidence is only admissible to explain the instrument and not contradict it.

*Id.* at 757–58 (quoting *Lippeatt,* 419 N.E.2d at 1335). We begin by looking at the granting clause, and then the habendum clause (that part of the deed following the property description).

### A. *The Granting Clause*

The Robbins Deed granting clause provides:

> That the said parties of the first part, for and in consideration of the sum of Two Thousand Nine Hundred Eighty-Five and 43/100 Dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, do by these presents grant, bargain, sell, remise, release, alien and confirm unto the said party of the second part, and to its successors and assigns *Forever,* a strip of land for railroad purposes . . . .

Appellant's App. p. 26; Br. of Appellee Portage Parks Board at 10.

> A conveyance of land that is: (1) worded in substance as "A.B. conveys and warrants to C.D." (insert description of the premises) "for the sum of" (insert the consideration); and (2) dated and signed, sealed, and acknowledged by the

grantor; is a conveyance in fee simple to the grantee and the grantee's heirs and assigns with a covenant as described in subsection (b).

Ind.Code § 32–17–1–2 (Supp.2002) (previously located at Ind. Revs. Stats. 1852, ch. 23. § 14).

The Robbins Deed language, "grant, bargain, sell, remise, release, alien, and confirm" forever a strip of land, albeit not exactly the same as the statute in effect at the time and still in effect today, goes above and beyond what was and still is statutorily defined as a fee simple conveyance. The granting clause language clearly supports the determination that the Robbins Deed conveyed fee simple to Wabash Railroad. Also instructive is the use of the word "forever." While not dispositive, "forever" is "a temporal descriptor more consistent with the conveyance of a fee than of an easement." *Tazian,* 686 N.E.2d at 101 (citation omitted).

 Another factor used to determine whether a fee simple or easement was conveyed is the amount of consideration given for the strip of land. The Robbins Deed provides: "That the said parties of the first part, for and in consideration of the sum of Two Thousand Nine Hundred Eighty–Five and 43/100 Dollars to them in hand paid by the said party of the second part[.]" The general rule is that where consideration is nominal or the only consideration is the benefit of the construction of the railroad, rather than fair market value, the intent of the parties was to create a mere easement. *Tazian,* 686 N.E.2d at 99 (citation omitted). This factor alone is not dispositive.

The record here is devoid of any evidence about the fair market value of Porter County acreage in 1890, and we do not know how many acres were conveyed to Wabash Railroad pursuant to the Robbins

Deed. Nevertheless, we do not believe that $2985.43 was a nominal amount in 1892, and we know that the mere benefit of the construction of the railroad was not the consideration for the deed.

■ Yet another factor to consider is whether the deed conveyed a strip of land, or just a right. The general rule is that conveying a "right" generally only conveys an interest, but conveying to a railroad a "strip, piece, or parcel of land" without limiting language generally conveys fee simple. *Id.* at 98 (citation omitted). The Robbins Deed conveyed "a strip of land for railroad purposes."

Poznic's sole argument on the issue of whether Wabash Railroad was granted a limited use easement or fee simple is that the Robbins Deed contains the following alleged limiting language: "railroad purposes." Poznic argues that this case is similar to one of the deeds at issue in *Clark,* wherein a panel of this court agreed with a trial court that a deed conveyed only an easement where the descriptive clause of the deed required the railroad to agree to keep a fence along the right-of-way in good repair "so long as said company, its successors or assigns shall continue to operate said road." *Clark,* 737 N.E.2d at 763. However, the deed in *Clark* also provided that if the railroad failed to maintain the fence, the deed would be void. *Id.* The *Clark* court determined that the deed at issue was ambiguous, and affirmed the trial court by following the rule that when a deed with ambiguities is prepared by the railroad, the ambiguity is construed in favor of the grantor. *Id.*

This case is distinguishable from *Clark.* The Robbins Deed does not contain any language that provides that the deed could be voided for any reason, let alone for use inconsistent with railroad purposes. Equally important is the lack of language referring to a right-of-way conveyance.

### B. *The Habendum Clause*

Because we look to the language of the entire deed, we now turn to the habendum clause, that language following the land description. The Robbins Deed habendum clause provides:

> Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining:

> TO HAVE AND TO HOLD the said premises as described with the appurtenances, unto the said party of the second part, and its successors and assigns forever. And the said parties of the first part, for themselves, their heirs, executors and administrators, do COVENANT and agree, to and with the said party of the second part, its successors and assigns, that at the time of the ensealing and delivery of these presents, that they are well seized of the above granted premises, in fee simple; that they are free from all incumbrances whatever, and that they will, and their heirs, executors, and administrators shall WARRANT AND DEFEND the same against all lawful claims whatever.

Appellant's App. p. 26; Br. of Appellee Portage Parks Board at 10–11.

Poznic makes no argument with regard to the language contained in this part of the Robbins Deed. We note that this clause contains no limiting language, but rather, again uses the word "forever." In addition, Robbinses' promise to "warrant and deed" the grantee "against all lawful claims whatever" strongly indicates their intent to convey fee simple.

Upon review of the entire document, we conclude that in 1892, the Robbins Deed conveyed fee simple in the one hundred-foot strip of land to Wabash Railroad. Therefore, Norfolk and Western Railway, the remaining company after merger with

Wabash Railroad, effectively conveyed by quitclaim deed one half of the one hundred-foot strip to the City of Portage and the other half to Porter County in fee simple.[3]

### III. Wabash Avenue

Poznic's next argument is that the City of Portage owns no interest in Wabash Avenue because dedication of the property for public use was never validly accepted. Br. of Appellant at 5. Our analysis must begin by deciding whether a valid statutory dedication took place. "A defective statutory dedication may operate as a common-law dedication, and a valid common-law dedication will prevail over an invalid statutory dedication." *Gibson v. Ocker*, 138 Ind.App. 438, 441, 214 N.E.2d 395, 397 (1966) (citations omitted).

> The long-standing statutory dedication scheme in Indiana has been that the owner "who plats a street and acknowledges the plat and has it approved and recorded grants to the municipality, in trust for the public, title to an easement for a street, and no further assent or acceptance by the public is required so far as the grant is concerned."

*Beaman v. Smith*, 685 N.E.2d 143, 147 (Ind.Ct.App.1997) (quoting *Interstate Iron & Steel Co. v. East Chicago*, 187 Ind. 506, 509, 118 N.E. 958, 959 (1918)). The statute in effect in 1940 when the First Addition plat was recorded, which includes Wabash Avenue, provided:

> Any person who may lay off any town or addition thereto, or any addition to any city or town, or any subdivision of any lots of lands within the limits of any city or town, shall, previous to the sale of any lots in such town, addition or subdivision, cause to be recorded in the recorder's office of the proper county a correct plat of such town, addition or subdivision, with the public grounds, streets and alleys properly marked, showing the length and width of each, and with the lots regularly numbered and the size thereof marked upon the plat. Every donation or grant to the public, or to any individual, religious society, corporation or body politic, noted as such on such plat, shall be considered a general warranty to the donee or grantee on such plat named or indicated, for the purposes intended by the donor or grantor. Before offering such plat for record, the maker shall acknowledge the same before some officer authorized by law to take and certify acknowledgments of deeds, a certificate of which acknowledgment shall be, by the officer taking the same, annexed to such plat and recorded therewith. No plat not so made and acknowledged shall be entitled to record.

Ind.Code § 48–801 (1933).

The First Addition plat was dated January 29, 1929, and recorded in 1940. In 1960, the Town of Portage incorporated, including First Addition within its boundaries, which later became the City of Portage. Poznic does not argue that the plat was defective, that the plat was not properly recorded, or that First Addition was never annexed. In her Appellant's Brief, Poznic only discusses common law dedication. In her Reply Brief, Poznic briefly skims over the steps required to show statutory dedication, as outlined in *Beaman v. Smith*, but does not then attempt to prove that statutory dedication never took place. Poznic states only that "proof of all four elements is required and the stipulated facts fall short of providing any evidence, whatsoever, of proper municipal

---

3. We therefore need not address Poznic's claim of abandonment, which would have only applied had the Robbins Deed conveyed a limited use easement in the land to Wabash Railroad.

approval or conveyance of title to an easement." Reply Br. of Appellant at 2. We disagree.

The stipulated facts provide that the First Addition plat was recorded in 1940, and that Wabash Avenue was laid out on such plat. The stipulated facts also provide that Wabash Avenue was never developed, and that even though in 1987 the City of Portage vacated certain First Addition streets and alleys, Wabash Avenue was not vacated. All of the platting, recording, and vacating at issue here occurred pursuant to Indiana statutes, which statutory methods were acknowledged by Poznic when she petitioned the City of Portage to vacate Wabash Avenue.

In *Interstate Iron & Steel Co.*, our supreme court addressed the issue of whether the City of East Chicago's approval of a plat was sufficient acceptance of street designation found in the plat. Our supreme court concluded that the trial court properly excluded evidence presented by the appellant of the nonuse of the street by the public, the city's failure to exercise control over the street, and the fact that the appellant had paid taxes on the land, because the dedication was statutory in nature, not common law. *Interstate Iron & Steel Co.*, 187 Ind. at 510, 118 N.E. at 959. Our supreme court concluded, "The public cannot be deprived of its right in this manner where there is a statutory dedication." *Id.*, 118 N.E. at 959. Additionally, like our case, in *Interstate Iron & Steel Co.*, our supreme court found that the appellant realized the statutory methods for having plats approved and recorded, and for having land vacated, as evidenced by the appellant's petition with the City of East Chicago to have the street in question vacated. *Id.*

In *Beaman*, a panel of this court held that what is required for a statutory dedication is: "(1) platting of the street, (2) acknowledgement, (3) proper municipal ap-

proval, and (4) recording which 'grant[ ] to the municipality, in trust for the public, title to an easement for a street.'" *Beaman*, 685 N.E.2d at 147 (citing *Interstate Iron & Steel Co.*, 187 Ind. at 510, 118 N.E. at 959). The First Addition plat met all four *Beaman* requirements, contrary to Poznic's arguments.

First, Joseph S. Robbins established and platted Robbins First Addition neighborhood ("First Addition"), dated January 29, 1929, which consisted of approximately thirty-seven and one half acres. The plat included a fifty-foot strip designated as Wabash Avenue. Second, in order to be recorded, Robbins had to acknowledge the plat before an authorized officer. Ind. Code § 48–801 (1933). Third, although we do not have evidence of approval, we know that approval was statutorily required, and a plat would not have been accepted for recording unless a certificate of approval was attached thereto. Ind.Code § 48–802 (1933). Lastly, as soon as the plat was recorded in 1940, with Wabash Avenue designated as a public street, the City of Portage received a general warranty, and statutory dedication was completed. Ind. Code § 48–801 (1933).

### Conclusion

Because the Robbins Deed conveyed fee simple title in the Railroad Property to Wabash Railroad in 1892, and because Wabash Avenue was properly dedicated and accepted by the City of Portage, we conclude that the trial court did not err as a matter of law when it denied Poznic's Petition for Quiet Title, Declaratory Judgment and Injunctive Relief.

Affirmed.

BAILEY, J., and SULLIVAN, J., concur.